UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KJ-PARK, LLC,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MATCH GROUP, LLC, et al.,<br><br>　　　　　　Defendants. | Case No. 23-cv-02346-VKD<br><br>**ORDER DENYING DEFENDANTS'<br>MOTION TO DISMISS COMPLAINT**<br><br>Re: Dkt. No. 9 |

## I.　BACKGROUND

This action arises out of a lease agreement for a building located at 2555 Park Boulevard in Palo Alto, California. Plaintiff K-J Park, LLC ("K-J Park") filed its complaint in the Santa Clara County Superior Court against defendants Match Group, LLC and Match Group, Inc. (collectively, "Match Group"), alleging that Match Group breached the lease agreement and a guaranty. K-J Park claims that Match Group owes over $8 million in damages. *See* Dkt. No. 1-2. Match Group removed the action to this Court, asserting federal diversity jurisdiction, 28 U.S.C. § 1332. *See* Dkt. No. 1; *see also* Dkt. Nos. 22, 22-1.

Match Group now moves pursuant to Rule 12(b)(6) to dismiss the complaint. K-J Park opposes the motion. Upon consideration of the moving and responding papers, as well as the oral arguments presented at the August 1, 2023 hearing, the Court denies the motion.[1]

## II.　LEGAL STANDARD

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 8, 11.

sufficiency of the claims in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. *Id*. (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *Id*.

However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). Moreover, the Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-CV-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)). Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Documents appended to or incorporated into the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion. *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). A court may take judicial notice of facts that are "not subject to reasonable dispute" because they are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Khoja*, 899 F.3d at 999. Thus, a court properly may take judicial notice of matters of public record, but cannot take judicial notice of disputed facts contained within such records. *Khoja*, 899 F.3d at 999 (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)).

2

### III. DISCUSSION

While the existence of a contract between the parties is not disputed, Match Group argues that K-J Park cannot state plausible claims for breach of the lease agreement or the guaranty, in view of a 2017 municipal Retail Preservation Ordinance. Match Group contends that it duly terminated the lease agreement after K-J Park failed to timely perform its contractual obligation to deliver possession of the subject premises in a condition where Match Group could lawfully occupy and use the entire building as office space. Match Group further contends that, in any event, neither the lease agreement nor the guaranty can be enforced under the doctrines of mistake and frustration of purpose.

The main point of contention between the parties is whether the 2017 Retail Preservation Ordinance applied to the subject premises, although in its reply brief Match Group argues that it is irrelevant whether the ordinance, in fact, applied. Match Group contends that documents it submitted for judicial notice—namely, the minutes of the June 3, 2019 City Council meeting (Dkt. No. 10-3)—establish that the City Council believed that the ordinance applied to the subject premises, and that the resulting delay in the resolution of that issue precluded Match Group from legally using the premises for their intended purpose. While those City Council meeting minutes may be subject to judicial notice, Match Group's arguments for dismissal essentially turn on what the Palo Alto City Council did and why, and require the Court to draw factual inferences that are not clearly established on the record presented, including what occurred during the closed session of the City Council's June 3, 2019 meeting and why the City Council reached the conclusion that it did with respect to the subject premises. *See Khoja*, 899 F.3d at 999 ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth."). Such matters cannot be appropriately decided on a Rule 12(b)(6) motion.

### IV. CONCLUSION

Based on the foregoing, the Court denies Match Group's Rule 12(b)(6) motion to dismiss

3

the complaint.

**IT IS SO ORDERED.**

Dated: August 9, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

4