UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KJ-PARK, LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>MATCH GROUP, LLC, et al.,<br><br>                    Defendants. | Case No.  23-cv-02346-VKD<br><br>**ORDER RE DECEMBER 27, 2023<br>DISCOVERY DISPUTE RE<br>PRIVILEGE CLAIMS**<br><br>Re: Dkt. No. 55 |

Plaintiff KJ-Park, LLC ("KJ-Park"), defendants Match Group, LLC and Match Group, Inc. (collectively, "Match Group"), and non-party Jones Lange LaSalle Americas, Inc. ("JLL") ask the Court to resolve a dispute concerning documents withheld from production by Match Group and JLL based on Match Group's assertions that the documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine.  Dkt. No. 55.  The Court finds this dispute suitable for decision without oral argument.  *See* Civil L.R. 7-1(b).

For the reasons explained below, the Court orders Match Group and JLL to serve a privilege log that complies with Rule 26(b)(6)(A) of the Federal Rules of Civil Procedure by **January 26, 2024**.  The Court orders further proceedings, as detailed below, if disputes remain after service of a compliant log.

## I.        BACKGROUND

In this action, KJ-Park claims that Match Group breached a lease agreement and a guaranty concerning a building located at 2555 Park Boulevard in Palo Alto, California.  *See* Dkt. No. 1-2. Match Group removed the action to this Court, asserting federal diversity jurisdiction, 28 U.S.C. § 1332.  *See* Dkt. No. 1; *see also* Dkt. Nos. 22, 22-1.

1        KJ-Park served document requests on Match Group and a subpoena for documents on non-

2    party JLL.  Dkt. Nos. 55-1, 55-3.  Match Group and JLL refuse to produce certain documents

3    responsive to KJ-Park's documents requests and document subpoena, asserting that they are

4    protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

5    Dkt. No. 55 at 1.  The documents in question are identified in a privilege log prepared by JLL.

6    Dkt. No. 55-2.

7        KJ-Park contends that Match Group and JLL have waived any privilege objections with

8    respect to these documents because JLL failed to timely assert objections to KJ-Park's subpoena.

9    In addition, KJ-Park argues that the privilege log is inadequate to support JLL's and Match

10   Group's privilege claims, and in any event, the documents in question are not privileged and are

11   not protected work product.

12       Match Group and JLL respond that the disputed privilege log entries reflect

13   communications between Match Group's in-house and outside counsel for the purpose of

14   providing legal advice to Match Group, and that to the extent any of those communications

15   included JLL, JLL served solely as Match Group's agent.  Match Group and JLL disagree that

16   JLL failed to timely assert objections to KJ-Park's subpoena.

17   **II.      DISCUSSION**

18       **A.      Attorney-Client Privilege**

19       Because the sole basis for federal jurisdiction in this case is diversity jurisdiction,

20   California state law supplies the rule of decision in this action, and California state law governs

21   application of the attorney-client privilege.  Fed. R. Evid. 501; *In re California Pub. Utilities*

22   *Comm'n*, 892 F.2d 778, 781 (9th Cir. 1989); *Lawson v. GrubHub, Inc.*, No. 15-cv-05128-JSC,

23   2017 WL 1684964, at *1 (N.D. Cal. May 3, 2017).

24       In California, the attorney-client privilege is described in the Evidence Code § 950 *et seq*.

25   According to that provision, a client has the privilege "to refuse to disclose, and to prevent another

26   from disclosing, a confidential communication between client and lawyer[.]"  Cal. Evid. Code

27   § 954.  A "confidential communication" is:

28              information transmitted between a client and his or her lawyer in the

2

1
2
3
4

course of that relationship and in confidence by a means which, so far as the client is aware, discloses the information to no third persons other that those who are present to further the interest of the client in the consultation or those to whom disclosure is reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted, and includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.

Cal. Evid. Code § 952.  The privilege is not limited to confidential communications between attorney and client, but may also encompass internal client communications that contain a discussion or summary of counsel's legal advice.  *Zurich Am. Ins. Co. v. Superior Court*, 155 Cal. App. 4th 1485, 1502, 1503 (Ct. App. 2007) (privilege encompasses communications between client employees that reflect, discuss, or contain legal advice); *see also Ins. Co. of N. Am. v. Superior Court,* 108 Cal. App. 3d 758, 766 (Ct. App. 1980) (disclosure may be made to persons not present at the attorney-client consultation, so long as such persons are within the scope of section 952).

As the parties asserting attorney-client privilege, Match Group and JLL bear the burden of establishing that the privilege encompasses the disputed entries on the privilege log.  *Costco Wholesale Corp. v. Superior Court*, 47 Cal. 4th 725, 733 (2009)*; accord United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009).

Many, but not all, of the communications identified on the privilege log as "A/C Communication" involve two attorneys, Brittany Perez, who is in-house counsel for Match Group, and Baron Mitchell, who is outside counsel for Match Group.  Dkt. No. 55 at 6.  Match Group and JLL assert that all such communications "were made for the purpose of providing legal advice," and they suggest that these communications are, therefore, privileged.  *Id.* at 7.  There are several difficulties with this argument.  First, not all of the "A/C Communication" entries include Ms. Perez and Mr. Mitchell, and it not clear on what basis Match Group and JLL assert these documents are privileged.  Second, all of the communications identified as "A/C Communication" include participants *other than* Ms. Perez and Mr. Mitchell, leaving the Court to wonder who these other participants are and whether their involvement in the communication waives whatever privilege might otherwise apply.  Third, the purpose of each communication is not described in the log, and the purpose is not self-evident from the email subject line that is reproduced in the eighth

3

1    column of the log.  In short, Match Group and JLL have not sustained their burden to establish

2    that attorney-client privilege protects these communications from disclosure.

3         Citing principally federal law, not state law, Match Group and JLL contend that privileged

4    communications that include or were disclosed to JLL as Match Group's real estate broker retain

5    their privileged character because JLL was Match Group's agent.  *See* Dkt. No. 55 at 7-8.  As

6    noted above, under California law, disclosure of a communication to a third party outside the

7    attorney-client relationship destroys its confidentiality and undermines the privilege, unless the

8    third party is "present to further the interest of the client in the consultation" or is "reasonably

9    necessary for the transmission of the information or the accomplishment of the purpose for which

10   the lawyer is consulted."  Cal. Evid. Code § 952; *see generally Zurich Am. Ins. Co.* 155 Cal. App.

11   4th at 1494-1502 (discussing California law).  It does not follow that simply because JLL served

12   as Match Group's agent for purposes of a real estate transaction, that JLL was Match LL's agent

13   as a matter of law for all purposes, including for privileged communications.  Rather, Match

14   Group and JLL must demonstrate that JLL (and its personnel) served as Match Group's agent for

15   the purpose of seeking, obtaining, or implementing legal advice (as opposed to some other

16   purpose) for each disputed communication withheld as privileged.  Match Group and JLL have not

17   made this showing.

18        **B.    Attorney Work Product Doctrine**

19        Rule 26(b)(3) shields from discovery documents that fall within the scope of the attorney

20   work product doctrine, unless certain exceptions apply.  Fed. R. Civ. P. 26(b)(3).  In contrast to

21   the attorney-client privilege, a district court applies federal law to resolve work product disputes,

22   even where the only claims in the action arise under state law.  *See Baker v. Gen. Motors Corp.*,

23   209 F.3d 1051, 1053 (8th Cir. 2000); *In re Powerhouse Licensing, LLC*, 441 F.3d 467, 472 (6th

24   Cir. 2006); *Frontier Refining, Inc. v. Gorman–Rupp Co., Inc.*, 136 F.3d 695, 702-03 (10th Cir.

25   1998); *United Coal Cos. v. Powell Construction Co.*, 839 F.2d 958, 966 (3d Cir. 1988); *Anderson*

26   *v. SeaWorld Parks & Ent., Inc.,* 329 F.R.D. 628, 635 (N.D. Cal. 2019).

27        The work product doctrine protects the mental processes of an attorney, and prohibits

28   discovery of "documents and tangible things that are prepared in anticipation of litigation or for

United States District Court
Northern District of California

4

1    trial by or for another party or its representative," unless certain exceptions apply.  Fed. R. Civ. P.

2    26(b)(3); *Hickman v. Taylor*, 329 U.S. 495, 511-12 (1947).

3        As the parties asserting the attorney work product doctrine, Match Group and JLL bear the

4    burden of establishing that the protection applies to the disputed entries on the privilege log.  *See,*

5    *e.g.*, *Ruehle*, 583 F.3d at 607-608; *Insight Global, LLC v. Beacon Hill Staffing Grp., LLC*, No. 17-

6    cv-00309-BLF (VKD), 2018 WL 6573081, at *2 (N.D. Cal. Dec. 13, 2018).

7        The privilege log includes 68 entries that are withheld from production solely on grounds

8    of "Attorney Work Product."  The log contains no information that justifies the withholding of any

9    of the referenced documents, and Match Group and JLL do not specifically address any of these

10   documents in the joint discovery dispute submission, save for a handful of entries that they say

11   "were created after litigation was anticipated as of March 20, 2019."  Dkt. No. 55 at 9.  Match

12   Group and JLL have not sustained their burden to establish that the work product doctrine protects

13   these documents from disclosure.

14       **C.    Waiver**

15       Both the attorney-client privilege and work product protection may be waived.  KJ-Park

16   contends that Match Group and JLL waived attorney-client privilege and work product protection

17   by failing to timely assert their positions in JLL's objections to KJ-Park's subpoena.  Dkt. No. 55

18   at 2.  Match Group and JLL argue that JLL's objections were not untimely, and in any event,

19   Match Group and JLL have provided a privilege log identifying the privileged and protected

20   materials that is sufficient to maintain the asserted protections.  *Id.* at 9-10.

21       Match Group and JLL correctly observe that a privilege is not waived *per se* simply

22   because a party fails to produce a privilege log within the time for responding to document

23   requests or a subpoena.  However, a party claiming that a document is privileged or protected from

24   disclosure must "describe the nature of the documents . . . in a manner that, without revealing

25   information itself privileged or protected, will enable other parties to assess the claim."  Fed. R.

26   Civ. P. 26(b)(5)(A); *see also Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of*

27   *Mont.*, 408 F.3d 1142, 1148 (9th Cir. 2005) (explaining that a party claiming privilege must

28   "provide sufficient information to enable other parties to evaluate the applicability of the claimed

United States District Court
Northern District of California

5

privilege or protection").  Typically, this is done using a privilege log that complies with Rule 26(b)(5)(A).  *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  But a party may, and sometimes must, substantiate a claim of privilege by other means.  *See Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237 (N.D. Cal. 2015) ("Briefs, declarations or other proof may establish the purpose of the communication or the specific role of the sender and each individual recipient.").

Match Group and JLL have not done what the law requires to identify and preserve their claims of attorney-client privilege and work product protection.  The privilege log is entirely insufficient, and the joint discovery dispute submission provides little additional information.  While the Court does not find waiver now, Match Group and JLL risk waiving any privilege or protection that might otherwise apply if they do not comply immediately with Rule 26(b)(5)(A) by serving a compliant privilege log.

## III.    CONCLUSION

Match Group and JLL  must serve a privilege that meets the requirements of Rule 26(b)(5)(A) by **January 26, 2024**.  If a dispute remains regarding whether Match Group and JLL are entitled to withhold certain documents because a privilege or protection applies, the parties must confer and submit their dispute for decision using the Court's expedited discovery dispute resolution procedure.  If Match Group and JLL believe that the expedited procedures (which include a word limitation and do not permit declarations) do not allow them to make the necessary showing to support their privilege claims, the parties may brief the dispute as a regularly noticed motion, pursuant to Civil Local Rule 7.  For such a motion, Match Group and/or JLL shall be the moving party, unless the parties agree otherwise.[1]

**IT IS SO ORDERED.**

Dated: January 22, 2024

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California

---

[1] Match Group may, but is not required to, submit any disputed documents to the Court for in camera review in connection with a motion or further joint discovery dispute submission.