UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KJ-PARK, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MATCH GROUP, LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-02346-VKD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. No. 56 |

## I.   BACKGROUND

This action arises out of a commercial lease agreement for a building located at 2555 Park Boulevard in Palo Alto, California. Plaintiff KJ-Park, LLC ("KJ-Park") filed its complaint in the Santa Clara County Superior Court against defendants Match Group, LLC and Match Group, Inc. (collectively, "Match Group"), alleging that Match Group breached the lease agreement and a guaranty. KJ-Park claimed that Match Group owed at least $8 million in damages. *See* Dkt. No. 1-2. Match Group removed the action to this Court, asserting federal diversity jurisdiction, 28 U.S.C. § 1332. *See* Dkt. No. 1; *see also* Dkt. Nos. 22, 22-1.

KJ-Park now moves for leave to file an amended complaint adding a claim for breach of the implied covenant of good faith and fair dealing. Dkt. No. 56 at 3, 4-6. KJ-Park also seeks leave to amend its allegations to lower the amount of its claimed damages based on a recent sale of the subject property. *Id.* at 3, 5. Match Group opposes the addition of an implied covenant claim, arguing that the proposed amendment is futile and would unduly prejudice defendants. Dkt. No. 58. Match Group does not oppose KJ-Park's proposed amendment of its damages allegations. *Id.* Upon consideration of the moving and responding papers, as well as the oral arguments presented,

KJ-Park's motion for leave to amend its complaint to add an implied covenant claim is denied. The Court grants KJ-Park's unopposed motion for leave to amend its damages allegations.[1]

## II. LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "should be freely given when justice so requires," and "the court must remain guided by the underlying purpose of Rule 15 . . . to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted). "The decision of whether to grant leave to amend nevertheless remains within the discretion of the district court," which may deny leave to amend if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the party seeking amendment has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004).[2]

## III. DISCUSSION

"[E]very contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Storek & Storek, Inc. v. Citicorp Real Estate, Inc.*, 100 Cal. App. 4th 44, 55 (2002) (citing *Waller v. Truck Ins. Exchange, Inc.*, 11 Cal. 4th 1, 36 (1995)). The implied covenant of good faith and fair dealing "is based on general contract law and the long-standing rule that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." *Waller*, 11 Cal. 4th at 36 (internal quotation marks and citations omitted). The covenant "is implied as a supplement to the express contractual covenants, to prevent a contracting party from engaging in

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 8, 11.

[2] Because the Court decides KJ-Park's motion on futility grounds alone, it need not address Match Group's arguments regarding prejudice.

2

conduct that frustrates the other party's rights to the benefits of the agreement." *Id*. (internal quotation marks and citation omitted). The elements required to establish a claim for breach of the implied covenant are: "(1) the parties entered into a contract; (2) the plaintiff fulfilled his obligations under the contract; (3) any conditions precedent to the defendant's performance occurred; (4) the defendant unfairly interfered with the plaintiff's rights to receive the benefits of the contract; and (5) the plaintiff was harmed by the defendant's conduct." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 968 (N.D. Cal. 2010).

"It is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal, Inc*., 2 Cal. 4th 342, 373 (1992). "[T]he implied covenant of good faith is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." *Id*. (internal quotation marks and citation omitted). "[A]s a general matter, implied terms should never be read to vary express terms." *Id*. at 374 (citation omitted). "And if defendants were given the right to do what they did by the express provisions of the contract there can be no breach." *Id*. (citation omitted).

Match Group contends that KJ-Park's proposed amendment is futile because the proposed implied covenant claim is superfluous of the claim for breach of contract. Where the breach of an actual contract term is alleged, "a separate implied covenant claim, based on the same breach, is superfluous." *Guz v. Bechtel Nat'l Inc*., 24 Cal.4th 317, 327 (2000). "[S]everal federal district courts have read *Guz* to allow simultaneous breach of contract and implied covenant claims when the plaintiff alleges that the defendant exercised a right under the contract in bad faith to frustrate the contract's benefits." *JH Kelly, LLC v. AECOM Technical Servs., Inc*., No. 20-cv-05381-HSG, 2022 WL 195648, at *3 (N.D. Cal. Jan. 21, 2022) (citing cases). "To establish a separate implied covenant claim, a plaintiff must 'sufficiently distinguish its implied covenant claim from its breach of contract claim' which requires 'more than alleg[ing] [the defendant] breached the implied covenant by the same course of conduct that underlies [the plaintiff's] claim for breach of contract.'" *In the Black Resources, LLC v. Blitz Design, Inc.*, No. 3:22-cv-04227-WHO, 2022 WL

3

17082372, at *5 (N.D. Cal. Nov. 17, 2022) (quoting *JH Kelly, LLC*, 2022 WL 195648, at *3); *see also Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990) ("If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated.").

KJ-Park's proposed amended complaint does not sufficiently distinguish KJ-Park's implied covenant claim from its breach of contract claim. The crux of the parties' dispute in this litigation appears to concern whether or not KJ-Park fulfilled its contractual obligation to deliver the premises in the required condition as of the date specified in the lease agreement, and whether or not Match Group was permitted to terminate the lease and properly did so pursuant to the lease terms. At the motion hearing, KJ-Park confirmed that it does not seek tort damages for breach of the implied covenant (*see* Dkt. No. 69), and thus appears to seek the same damages for breach of the implied covenant as it does for the breach of contract claim. While KJ-Park argues that its implied covenant claim is based "on almost the same set of facts, with a few additions" (*see* Dkt. No. 56 at 8), the proposed amended complaint indicates that KJ-Park's contract claim and its proposed implied covenant claim are based on the same underlying breach, i.e. Match Group's allegedly invalid and premature termination of the lease agreement. *Compare* Dkt. No. 56-2 ¶ 41 ("Match LLC has further breached the terms of the Lease through its premature and invalid attempted termination of the Lease and by abandoning the Premises.") and ¶ 52 ("By attempting to terminate its lease without justification, Match LLC deprived Plaintiff from receiving the full benefits it was entitled to under the Lease."). Additional allegations state that Match Group disputed KJ-Park's performance of its contractual obligations and terminated the lease "in bad faith," but these allegations do not identify ways that Match Group allegedly frustrated the purpose of the lease that differ in any respect from acts that KJ-Park says constitute Match Group's failure to perform its obligations under that agreement. *See* Dkt. No. 56-2 ¶ 52 (alleging that Match Group terminated the lease "in bad faith because it wanted out of the Lease so that it could relocate its office to the City of San Francisco."); *see also* Dkt. No. 59 at 3 ("[T]he

4

[proposed amended complaint] merely alleges that Match LLC acted in bad faith in disputing KJ-Park's performance and attempting to evade its obligations under the Lease."). Accordingly, the Court concludes that KJ-Park's proposed implied covenant claim is duplicative of the contract claim. KJ-Park's motion for leave to amend to add an implied covenant claim therefore is denied.

## IV. CONCLUSION

Based on the foregoing, the Court denies KJ-Park's motion for leave to amend its complaint to add a claim for breach of the covenant of good faith and fair dealing and grants its motion for leave to amend its damages allegations. KJ-Park may file an amended complaint that complies with this order by **February 27, 2024.**

**IT IS SO ORDERED.**

Dated: February 20, 2024

Virginia K. DeMarchi
United States Magistrate Judge

5