UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KJ-PARK, LLC,<br><br>           Plaintiff,<br><br>    v.<br><br>MATCH GROUP, LLC, et al.,<br><br>           Defendants. | Case No. 23-cv-02346-VKD<br><br>**FURTHER ORDER RE DISCOVERY DISPUTE RE PRIVILEGE CLAIMS**<br><br>Re: Dkt. Nos. 55, 74, 78 |

Following this Court's January 22, 2024 order (Dkt. No. 62), plaintiff KJ-Park, LLC ("KJ-Park") and defendants Match Group, LLC and Match Group, Inc. (collectively, "Match") continue to disagree regarding Match's assertion that certain otherwise responsive documents are protected from disclosure by the attorney-client privilege and the attorney work product doctrine. *See* Dkt. Nos. 55, 74. Specifically, the parties disagree regarding whether communications that include non-party Jones Lange LaSalle Americas, Inc. ("JLL") (and other third parties) properly may be withheld from production as privileged or protected materials. Dkt. No. 74 at 1.

The following 19 privilege log entries remain in dispute:

| No. | Log entry | Privilege/protection claimed |
|---|---|---|
| 1 | JLL_005416 | Attorney-client communication |
| 2 | JLL_005417 | Attorney-client communication |
| 3 | JLL_005418 | Attorney-client communication |
| 4 | JLL_005419 | Attorney-client communication |
| 5 | JLL_005420 | Attorney-client communication |

United States District Court
Northern District of California

| 6 | JLL_005422 | Attorney-client communication |
|---|---|---|
| 7 | JLL_005423 | Attorney-client communication |
| 8 | JLL_005424 | Attorney-client communication |
| 9 | JLL_005606 | Attorney-client communication |
| 10 | JLL_005607 | Work product |
| 11 | JLL_005903 | Attorney-client communication |
| 12 | JLL_005904 | Work product |
| 13 | JLL_005995 | Attorney-client communication |
| 14 | JLL_005996 | Attorney-client communication |
| 15 | JLL_006015 | Attorney-client communication; work product |
| 16 | JLL_006016 | Work product |
| 17 | JLL_006017 | Attorney-client communication; work product |
| 18 | JLL_006018 | Work product |
| 19 | JLL_006081 | Attorney-client communication |

Dkt. No. 78-1. The Court understands that all 19 disputed entries are documents in the possession of non-party JLL, Match's real estate broker. The parties' joint letter indicates that all of the disputed entries are email communications between and among JLL employees, Match employees and/or employees of Match-affiliates, and Match's counsel, with the exception of item 2, which does not include Match's counsel, and items 10, 12, 16, and 18, which are drafts of a letter or other materials prepared by Match's counsel. *See* Dkt. No. 74 at 7; Dkt. No. 78-1 at ECF 30, 31, 33, 34; Dkt. No. 78-2.

As explained in the Court's January 22, 2024 order, in this diversity action, California state law governs the application of the attorney-client privilege, and federal law governs the application of the work product doctrine. *See* Dkt. No. 62 at 2-5. And as the Court also observed, "[b]oth the attorney-client privilege and work product protection may be waived." *Id.* at 5. With

2

respect to the attorney-client privilege, disclosure of a communication to a third party outside the attorney-client relationship destroys the communication's confidentiality and undermines the privilege, unless the third party is "present to further the interest of the client in the consultation" or is "reasonably necessary for the transmission of the information or the accomplishment of the purpose for which the lawyer is consulted." *Id.* at 4 (quoting Cal. Evid. Code § 952).  With respect to the work product doctrine, disclosure of the protected material does not necessarily waive the protection; rather, a disclosure of work product waives the protection where such disclosure is made in a manner that substantially increases the opportunities for potential adversaries to obtain the work product, *see United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020) (citing 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2024 (3d ed. 2020)), or where a party asserts claims that the opposing party cannot adequately dispute unless it has access to that protected work product, *see Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1162-63 (9th Cir. 1992).

While KJ-Park raises questions regarding whether some or all of the disputed entries encompass unprivileged *business* advice, as opposed to legal advice, *see* Dkt. No. 74 at 4, KJ-Park's principal objection continues to be that whatever privilege or work product protection otherwise applies to these documents has been waived by virtue of disclosure to non-party JLL. *See id.* at 2-4.

With respect JLL, the Court's January 22, 2024 order stated:

> It does not follow that simply because JLL served as Match Group's agent for purposes of a real estate transaction, that JLL was Match LL's agent as a matter of law for all purposes, including for privileged communications.  Rather, Match Group and JLL must demonstrate that JLL (and its personnel) served as Match Group's agent for the purpose of seeking, obtaining, or implementing legal advice (as opposed to some other purpose) for each disputed communication withheld as privileged.  Match Group and JLL have not made this showing.

Dkt. No. 62 at 4.  Match and JLL have done little to address the Court's concerns about disclosure of privileged and protected materials to JLL.  While they eventually provided the Court with

3

1  information specifically identifying, by name and employer, each person who sent or received a
2  disputed communication or document, *see* Dkt. No. 78-2, they continue to rely on conclusory
3  descriptions of JLL's role. For example, the entry for disputed item 1 (JLL_005416) states:
4  "Internal correspondence discussing confidential attorney-client communications relating legal
5  opinions and legal advice regarding Certificate of Completion and purported Delivery date,
6  including individuals present to further the interest of the Match defendants in the legal
7  consultation." Dkt. No. 78-1 at ECF 27. Separately, Match and JLL indicate that five different
8  JLL employees participated in the email thread that comprises item 1. *See* Dkt. No. 78-2 at 2.[1]
9  However, Match and JLL do not offer any evidence or explanation of JLL's actual role with
10 respect to these communications. They assert merely that JLL "facilitated" attorney-client
11 communications and that disclosure to JLL was "reasonably necessary." *See* Dkt. No. 74 at 7.
12      As the privilege holder, Match has the burden to substantiate its claims of privilege and
13 protection. While Match is not required to disclose the contents of the communications to
14 maintain the privilege, it must do something more than rely on conclusory assertions where the log
15 reflects disclosure to a non-party which *ordinarily* destroys any such protections. *See, e.g.,*
16 *Behunin v. Superior Ct.,* 9 Cal. App. 5th 833, 850 (Cal. Ct. App. 2017) (where disclosure has been
17 made to non-party, privilege holder has burden to show privilege not destroyed). The Court
18 specifically alerted Match and JLL to this obligation in its prior order, where the Court observed
19 that a party "may, and sometimes must substantiate a claim of privilege" by means other than a
20 privilege log. *See* Dkt. No. 62 at 6 (citing *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 237
21 (N.D. Cal. 2015) ("Briefs, declarations or other proof may establish the purpose of the
22 communication or the specific role of the sender and each individual recipient.")). Moreover, the
23 Court advised Match and JLL that if they "believe that the expedited procedures [for resolving
24 discovery disputes] . . . do not allow them to make the necessary showing to support their
25 privilege claims, the parties may brief the dispute as a regularly noticed motion, pursuant to Civil

---

[1] For reasons that remain mysterious, the privilege log itself does not distinguish between separate emails within an email thread, and does not list all of the senders or recipients of the emails in the thread. *See generally* Dkt. No. 78-1. The Court called out these and other deficiencies in its January 22, 2024 order. *See* Dkt. No. 62 at 3.

United States District Court
Northern District of California

1  Local Rule 7." *Id.*

2      Match and JLL chose not to file a motion or any supporting declarations, or to submit the
3  disputed materials to the Court for *in camera* review (although the Court invited them to do so),
4  and they have otherwise failed to show that disclosure to JLL was necessary to facilitate the
5  communication of legal advice to Match or to accomplish the purpose for which the advice was
6  provided. *See, e.g., Sony Computer Ent. Am., Inc. v. Great Am. Ins. Co.,* 229 F.R.D. 632, 634
7  (N.D. Cal. 2005) (attorney-client privilege waived under California law where client failed to
8  establish that disclosures in the presence of insurance broker were reasonably necessary for
9  consultation with counsel). Thus, the only concrete information the Court has about JLL's role is
10 that it acted as a real estate broker for Match, which would ordinarily put JLL outside the scope of
11 the attorney-client relationship as a provider of business-related services to Match.

12     With respect to Match and JLL's work product protection claims, the privilege log
13 identifies the materials at items 10 (JLL_005607) and 12 (JLL_005904) as draft letters to KJ-Park
14 prepared by Match's counsel. Dkt. No. 78-1 at ECF 30, 31; *see also* Dkt. No. 78-2 at 2-3. The
15 privilege log identifies the materials at items 16 (JLL_006016) and 18 (JLL_006018) as "Attorney
16 Work Product prepared by counsel M. Baron containing attorney mental processes relating to
17 Lease interpretation and commencement, in preparation for defense of dispute," and includes
18 similar statements with respect to items 15 (JLL_006015) and 17 (JLL_006017). Dkt. No. 78-1 at
19 ECF 33, 34. While the log descriptions are sufficient to establish that these materials contain
20 attorney work product, nothing in the log or in the parties' joint letter indicates why these
21 documents were shared with JLL or whether they were shared in confidence. In other words,
22 Match and JLL have not shown that disclosure of these work product materials to non-party JLL
23 did not waive the protection those materials might otherwise enjoy.

24     Accordingly, the Court concludes that Match and JLL have failed to demonstrate that the
25 materials identified in the disputed privilege log entries may be withheld from disclosure as
26 privileged or protected material. Match and JLL must produce unredacted versions of the
27 documents corresponding to each disputed entry to KJ-Park by **May 3, 2024**. Alternatively, if
28 Match and JLL believe the privileged or protected nature of the materials is evident from the face

of the documents themselves, they may submit the documents to the Court for *in camera* review, as KJ-Park proposes. If Match and JLL elect to submit the documents for *in camera* review, they must deliver paper copies of the documents, labeled to correspond with the privilege log entries, to the Clerk's Office no later than **April 26, 2024.**

**IT IS SO ORDERED.**

Dated: April 19, 2024

Virginia K. DeMarchi
United States Magistrate Judge