UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KJ-PARK, LLC,

        Plaintiff,

v.

MATCH GROUP, LLC, et al.,

        Defendants.

Case No. 23-cv-02346-VKD

**ORDER RE DISCOVERY DISPUTE RE PRIVILEGE CLAIMS FOLLOWING IN CAMERA REVIEW**

Re: Dkt. No. 88

Further to this Court's April 19, 2024 order (Dkt. No. 86), defendants Match Group, LLC and Match Group, Inc. (collectively, "Match") submitted 13[1] of the 19 disputed privilege log materials for *in camera* review:

| No. | Log entry | Privilege/protection claimed |
|---|---|---|
| 5 | JLL_005420 | Attorney-client communication |
| 7 | JLL_005423 | Attorney-client communication |
| 8 | JLL_005424 | Attorney-client communication |
| 9 | JLL_005606 | Attorney-client communication |
| 10 | JLL_005607 | Work product |
| 11 | JLL_005903 | Attorney-client communication |
| 13 | JLL_005995 | Attorney-client communication |

---

[1] As stated in Match's amended notice of lodging documents for *in camera* review (Dkt. No. 90), Match's original notice (Dkt. No. 88) omitted item 14 (JLL_005996), but the document corresponding to that item was submitted to the Court *in camera*.

| 14 | JLL_005996 | Attorney-client communication |
|----|------------|-------------------------------|
| 15 | JLL_006015 | Attorney-client communication; work product |
| 16 | JLL_006016 | Work product |
| 17 | JLL_006017 | Attorney-client communication; work product |
| 18 | JLL_006018 | Work product |
| 19 | JLL_006081 | Attorney-client communication |

In addition, Match submitted *in camera* a four-column document that includes the "Bates Number," "Email Subject/Document File Name," and "Privilege Type" fields from its privilege log (*see* Dkt. No. 78-1) for each of the disputed entries, as well as a "Notes" field that does not appear in the privilege log. The Court ignores the "Notes" field except where pertinent to this order, as indicated below.

The Court has reviewed each of the documents corresponding to the above disputed privilege log entries and, relying on the legal framework and analysis described in its prior orders (*see* Dkt. Nos. 62, 86), orders as follows:

*Item 5 (JLL_005420)*: Not privileged; must be produced.

*Item 7 (JLL_005423)*: Not privileged; must be produced.

*Item 8 (JLL_005424)*: Neither the privilege log (Dkt. No. 78-1) nor the list of participants (Dkt. No. 78-2) accurately identifies the addressees and recipients of all portions of this email thread. None of the communications in the email thread are attorney-client communications, except for the email exchange between M. Baron (Match attorney) and J. Bannister (Match) on March 27 and 28, 2019. However, Mr. Banister forwarded the entire email thread, including this exchange, to B. Lane (JLL) on March 28, 209 and thereby waived any privilege that may have existed. Nothing in the email exchange suggests that disclosure to Mr. Lane was necessary to facilitate the communication of legal advice or to accomplish the purpose for which any such advice was sought or provided. This item must be produced.

*Item 9 (JLL_005606)*: The first two communications in this email thread appear to be

2

attorney-client communications between M. Baron (Match attorney), J. Bannister (Match), and B. Perez (Match attorney).  However, any privilege that may have existed was waived when J. Bannister forwarded these communications to M. Gary (JLL) and D. Reid (JLL).  Nothing in the email exchange suggests that disclosure to Mr. Gary or Mr. Reid was necessary to facilitate the communication of legal advice or to accomplish the purpose for which any such advice was sought or provided.  This item must be produced.

*Item 10 (JLL_005607)*:  As part of its *in camera* submission ("Notes" field), Match advises that item 10 (a draft letter to KJ-Park) is an attachment to item 9, and thus item 10 appears to have been forwarded to M. Gary (JLL) and D. Reid (JLL).  Nothing in item 10 or item 9 reveals why the draft letter was shared with JLL employees or indicates that it was shared in confidence.  Any work product protection that may have existed has been waived.  This item must be produced.

*Item 11 (JLL_005903)*:  Neither the privilege log (Dkt. No. 78-1) nor the list of participants (Dkt. No. 78-2) accurately identifies the addressees and recipients of all portions of this email thread.  None of the communications in the email thread are attorney-client communications, with the possible exception of the email exchange between M. Baron (Match attorney), J. Bannister (Match), and B. Perez (Match attorney) on April 10 and 11, 2019.  However, any privilege that may have existed was waived when J. Bannister forwarded this exchange and the entire email thread to M. Gary (JLL) on April 12, 2019 and thereby waived any privilege that may have existed.  Nothing in the email exchange suggests that disclosure to Mr. Gary was necessary to facilitate the communication of legal advice or to accomplish the purpose for which any such advice was sought or provided.  This item must be produced.

*Item 13 (JLL_005995)*:  Neither the privilege log (Dkt. No. 78-1) nor the list of participants (Dkt. No. 78-2) accurately identifies the addressees and recipients of all portions of this email thread.  Not privileged; must be produced.

*Item 14 (JLL_005996)*:  Neither the privilege log (Dkt. No. 78-1) nor the list of participants (Dkt. No. 78-2) accurately identifies the addressees and recipients of all portions of this email thread.  Not privileged; must be produced.

*Item 15 (JLL_006015)*:  The first several email communications in this email thread are

1    communications between and among Match or Match-affiliated employees.  While M. Baron

2    (Match attorney) is copied on most of these communications, none of them are privileged

3    communications, except for the email exchange between M. Baron (Match attorney), J. Bannister

4    (Match), B. Perez (Match attorney), and I. Ponnambalam (Match) on May 8, 2019.  However, Mr.

5    Banister forwarded the entire email thread, including this exchange, to S. Rotter (JLL) and B.

6    Lane (JLL) on May 14, 2019 and thereby waived any privilege that may have existed.  Nothing in

7    the email exchange suggests that disclosure to Mr. Rotter or Mr. Lane was necessary to facilitate

8    the communication of legal advice or to accomplish the purpose for which any such advice was

9    sought or provided.  This item must be produced.  There is no apparent basis for separate work

10   product protection for this email thread.

11   *Item 16 (JLL_006016)*:  As part of its *in camera* submission ("Notes" field), Match advises

12   that item 16 (a draft letter to KJ-Park) is an attachment to item 15, and thus item 16 appears to

13   have been forwarded to S. Rotter (JLL) and B. Lane (JLL).  Nothing in item 16 or item 15 reveals

14   why the draft letter was shared with JLL employees or indicates that it was shared in confidence.

15   Any work product protection that may have existed has been waived.  This item must be

16   produced.

17   *Item 17 (JLL_006017)*:  This item is the same as item 15, except that it reflects that Mr.

18   Banister forwarded the entire email thread also to M. Gary (JLL) on May 14, 2019.  For the same

19   reasons stated with respect to item 15, this item must be produced.

20   *Item 18 (JLL_006018)*:  As part of its *in camera* submission ("Notes" field), Match advises

21   that item 18 (a draft letter to KJ-Park) is an attachment to item 17, and thus item 18 appears to

22   have been forwarded to M. Gary (JLL).  For the same reasons stated with respect to item 16, this

23   item must be produced.

24   *Item 19 (JLL_006081)*:  Item 19 contains no privileged communications.  While the first

25   email in the email thread is copied to B. Perez (Match attorney) on June 6, 2019, the email itself

26   summarizes a business decision and discussion between and among non-attorneys.  Moreover, J.

27   Banister (Match) forwarded the entire email exchange to S. Rotter (JLL) on June 7, 2019 and

28   thereby waived any privilege that may have existed.  Nothing in the email exchange suggests that

United States District Court
Northern District of California

1  disclosure to Mr. Rotter was necessary to facilitate the communication of legal advice or to
2  accomplish the purpose for which any such advice was sought or provided.
3        As part of its *in camera* submission ("Notes" field), Match states with respect to item 19:
4  "Highlighted portions indicate proposed redactions in the event the Court orders production of this
5  document. *See* Court's Order re March 13, 2024 Discovery Dispute re Plaintiff's Document
6  Requests (Dkt. #84)." The Court construes this statement as a request for redaction of irrelevant
7  information pertaining to Match's efforts to lease space in San Francisco. A party generally may
8  not redact or withhold from production irrelevant portions of documents that also contain relevant
9  and responsive information. *See, e.g., Finjan, Inc. v. SonicWall, Inc.*, No. 17-cv-04467 BLF
10 (VKD), 2020 WL 4192285, at *3 (N.D. Cal. July 21, 2020) (discussing authority). The text Match
11 proposes to redact does not encompass any sensitive or confidential information, and at least some
12 of the proposed redactions would alter the meaning of the remaining, unredacted text. The Court
13 therefore denies Match's request to redact item 19.
14       This item must be produced in its entirety.

***

16       Match must produce all materials corresponding to the disputed privilege log entries listed
17 above and in the Court's April 19, 2024 order by **May 8, 2024**.
18       **IT IS SO ORDERED.**
19 Dated: May 1, 2024

*[Signature: Virginia K. DeMarchi]*
Virginia K. DeMarchi
United States Magistrate Judge