UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KJ-PARK, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>MATCH GROUP, LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-02346-VKD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO EXCLUDE EXPERT OPINION OF ERIK SCHOENNAUER**<br><br>Re: Dkt. No. 98 |

## I.    BACKGROUND

This federal diversity action arises out of a commercial lease agreement for a three-story building located at 2555 Park Boulevard in the City of Palo Alto, California ("City").[1] Plaintiff KJ-Park, LLC ("KJ-Park") retained Erik Schoennauer, a land use consultant, to testify about land use entitlement and permitting procedures relating to the subject property. *See* Dkt. No. 110-5 at ECF 5. Defendants Match Group, Inc. and Match Group, LLC (collectively, "Match Group" or "defendants") move to exclude Mr. Schoennauer's opinions, primarily on the ground that his opinions are impermissible legal conclusions and that his opinions regarding KJ-Park's alleged vested right with respect to the subject property are irrelevant. Additionally, Match Group argues that any probative value of Mr. Schoennauer's opinions are "substantially outweighed by a danger of . . . confusing the issues, . . . wasting time, or needlessly presenting cumulative evidence," and therefore are excludable under Federal Rule of Evidence 403. Dkt. Nos. 98, 111. KJ-Park

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 8, 11.

opposes Match Group's motion. Dkt. No. 109. Following the motion hearing, and with the Court's leave, the parties filed supplemental briefs identifying portions of Mr. Schoennauer's report[2] that they respectively contend are either inadmissible opinions or opinions that appropriately are the subject of expert testimony. Dkt. Nos. 120, 121. Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court grants Match Group's motion to exclude Mr. Schoennauer's opinions as set out below.

## II.  LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides that a witness "who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise," if the proponent of the testimony "demonstrates that it is more likely than not" that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 was amended, effective December 1, 2023, "to clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

Rule 703 further identifies the permissible bases of an expert's opinion testimony, including "facts or data in the case that the expert has been made aware of or personally observed." Fed. R. Evid. 703. Additionally, "[i]f experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, [the facts or data] need

---

[2] The parties dispute whether Match Group's opening motion identified the correct version of Mr. Schoennauer's report, and whether there are any material differences between versions of the report that have been submitted to the Court. *See* Dkt. Nos. 98-1, 110-5. For purposes of resolving the present motion, the Court has relied on the report that KJ-Park contends is the correct version (Dkt. No. 110-5). At the motion hearing, Match Group confirmed that its objections and arguments concerning Mr. Schoennauer's opinions remain the same, no matter which version of the report is considered. *See* Dkt. No. 122 at 59:20-24.

1  not be admissible for the opinion to be admitted." *Id*. "But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id*.

Expert testimony is admissible under Rule 702 if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The determination of whether expert testimony is admissible is a matter within the Court's discretion, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142 (1999); *Gen'l Elec. Co. v. Joiner*, 522 U.S. 136, 141-43 (1997), and "entails a preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue," *Daubert*, 509 U.S. at 592-93. This "basic gatekeeping obligation" applies to all expert testimony, not just scientific testimony. *Kumho*, 526 U.S. at 147. Additionally, the Court's inquiry is a flexible one, and "whether *Daubert*'s specific factors are, or are not, reasonable measures of reliability in a particular case is a matter that the law grants the trial judge broad latitude to determine." *Id*. at 153. The proponent of expert testimony has the burden of proving admissibility. *Lust v. Merrell Dow Pharm., Inc*., 89 F.3d 594, 598 (9th Cir. 1996); *see also* Fed. R. Evid. 702 advisory committee's note to 2000 amendment.

### III.   DISCUSSION

Mr. Schoennauer's opinions largely concern whether the circumstances presented give rise to KJ-Park's alleged vested right in the subject property, or warrant the application of estoppel principles. *See* Dkt. No. 110-5. KJ-Park argues that Mr. Schoennauer should be permitted to testify "about the specific entitlement that KJ-Park received from the City . . . and how, after the issuance of the building permit, based on his experience in the industry, KJ-Park, the developer, had a right to rely on the City's actions over several years." Dkt. No. 109 at 1.

While expert testimony that concerns an ultimate issue is not per se improper, *see* Fed. R. Evid. 704(a), "[c]onsistent with Rule 704(a)," the Ninth Circuit "has repeatedly affirmed that 'an expert witness cannot give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law,'" *United States v. Diaz*, 876 F.3d 1194, 1197 (9th Cir. 2017) (quoting *Hangarter v. Provident Life & Accident Ins. Co*., 373 F.3d 998, 1016 (9th Cir. 2004)). When an expert

3

1  undertakes to tell the trier of fact what result to reach, he does not aid an understanding of the
2  evidence or the determination of a fact in issue, but rather seeks to substitute his judgment for that
3  of the trier of fact.  *Id*.  Here, Mr. Schoennauer proposes to testify that, in his opinion, KJ-Park
4  received "authorizations" for use of the subject property exclusively as office space that "vested
5  through approval of the site-specific RLUA and/or issuance of the Building Permit."  Dkt. No.
6  110-5 at ECF 15.  However, he may not properly testify or offer opinions about issues of law,
7  including the legal interpretation or significance of documents or events, or what the law requires
8  with respect to the vested rights doctrine or the doctrine of estoppel.  *See, e.g., Neo4j, Inc. v.
9  PureThink, LLC,* No. 18-cv-07182-EJD, 2023 WL 7093805, at *8 (N.D. Cal. Oct. 25, 2023)
10  (excluding expert testimony regarding "the permissibility of [party's] actions" and "the legal effect
11  and interpretation of" a software license as "improper legal opinion").  Thus, the Court concludes
12  that Mr. Schoennauer's opinions about whether KJ-Park obtained an alleged vested right, or
13  whether estoppel principles apply, including his opinions regarding the settlement agreement
14  between KJ-Park and the City, must be excluded.  *See Diaz*, 876 F.3d at 1197.

15  The Court has considered whether Mr. Schoennauer's report includes any opinions that are
16  not improper legal conclusions and might therefore be admissible evidence.  KJ-Park contends
17  that Mr. Schoennauer should be permitted to testify regarding general land use and development
18  industry standards and practices.  Dkt. No. 109 at 5-6.  Match Group does not challenge his
19  qualifications to testify about these matters.  However, Mr. Schoennauer's opinions must be
20  limited to matters relevant to issues remaining in the case.  For the reasons discussed in the
21  Court's order on the parties' respective motions for summary judgment, the vested rights doctrine
22  and principles of equitable estoppel concern the legal rights and obligations as between KJ-Park
23  and the City.  KJ-Park cannot, as a matter of law, use the vested rights doctrine or equitable
24  estoppel as theories by which to hold Match Group liable under the subject lease and guaranty.
25  *See* Dkt. No. 124.  In view of the Court's summary judgment rulings, the Court is not persuaded
26  that testimony regarding general industry standards and practices is necessary or relevant to
27  understand the evidence with respect to any matters that remain to be tried.  *See* Fed. R. Evid.
28  702(a).

4

## IV. CONCLUSION

Based on the foregoing, Match Group's motion to exclude Mr. Schoennauer's opinions is granted.

**IT IS SO ORDERED.**

Dated: September 5, 2024

Virginia K. DeMarchi
United States Magistrate Judge