1  EILEEN R. RIDLEY, CA Bar No. 151735
        eridley@foley.com
2  ALAN R. OUELLETTE, CA Bar No. 272745
        aouellette@foley.com
3  EVAN L. HAMLING, CA Bar No. 339578
        ehamling@foley.com
4  **FOLEY & LARDNER LLP**
   555 CALIFORNIA STREET, SUITE 1700
5  SAN FRANCISCO, CA 94104-1520
   TELEPHONE:  415.434.4484
6  FACSIMILE:   415.434.4507

7  MARK D. EPSTEIN, CA Bar No. 168221
   MICHELE C. KIRRANE, CA Bar No. 215448
8  **FENNEMORE WENDEL**
   1111 Broadway, 24th Floor
9  Oakland, CA 94607
   Tel: (510) 834-6600 / Fax: (510) 834-1928
10 MEpstein@fennemorelaw.com
   MKirrane@fennemorelaw.com
11
   Attorneys for Defendants MATCH GROUP,
12 LLC and MATCH GROUP, INC.

13              **UNITED STATES DISTRICT COURT**

14             **NORTHERN DISTRICT OF CALIFORNIA**

15                   **SAN JOSE DIVISION**

16
17 KJ-PARK LLC, a California limited liability          Case No. 5:23-cv-02346-VKD
   company,
18                                                      **DEFENDANTS MATCH GROUP, LLC AND**
                                    Plaintiff,          **MATCH GROUP, INC.'S NOTICE OF**
19                                                      **MOTION AND MOTION FOR AWARD OF**
                  vs.                                   **ATTORNEYS' FEES AND COSTS AND FOR**
20                                                      **PRE- AND POST-JUDGMENT INTEREST;**
   MATCH GROUP, LLC, a Delaware limited                 **MEMORANDUM OF POINTS AND**
21 liability company; MATCH GROUP, INC., a              **AUTHORITIES IN SUPPORT**
   Delaware corporation, and DOES 1-10,
22                                                      Hearing: November 19, 2024
                                    Defendants.         Time: 10:00 AM
23                                                      Dept.: Courtroom 2 – 5th Floor

24                                                      Judge: Hon. Virginia K. DeMarchi

25                                                      Complaint Filed:       March 23, 2023
                                                        Case Removed:       May 12, 2023
26                                                      Amended Complaint Filed: August 8, 2023

27

28

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................................1

I.   INTRODUCTION ..........................................................................................................1

II.  FACTUAL BACKGROUND ..........................................................................................2

III. ARGUMENT ..................................................................................................................3

     A.   MATCH GROUP IS ENTITLED TO ITS REASONABLE ATTORNEYS' FEES ......3

          1.   The Lease Provides That The Prevailing Party Shall Recover
               Attorneys' Fees .................................................................................3

          2.   Match Group's Fees And Time Spent Are Reasonable ...................4

     B.   MATCH GROUP IS ENTITLED TO ITS NONTAXABLE COSTS..........................10

     C.   MATCH GROUP IS ENTITLED TO PRE-JUDGMENT AND POST-
          JUDGMENT INTEREST ON ANY AWARD OF FEES AND COSTS ....................13

          1.   Pre-Judgment Interest .....................................................................13

          2.   Post-judgment Interest .....................................................................14

IV.  CONCLUSION ..............................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

Cases

*Air Separation, Inc. v. Underwriters at Lloyd's of London,*
45 F.3d 288 (9th Cir.1995) .................................................................................... 15

*Alzheimer's Inst. of Am. v. Eli Lilly & Co.,*
No. 10-CV-00482, 2016 WL 7732621 (N.D. Cal. Apr. 14, 2016),
*aff'd sub nom. AIA Am., Inc. v. Eli Lilly & Co.,* 695 F. App'x 573 (Fed. Cir. 2017) ................ 5, 14, 15

*Bolden v. J&R Inc.,*
135 F. Supp. 2d 177 (D.D.C. 2001) ............................................................................ 8

*Carson v. Billings Police Dep't,*
470 F.3d 889 (9th Cir. 2006) .................................................................................... 8

*Chavez v. City of L.A.,*
47 Cal. 4th 970 (2010) ....................................................................................... 4, 5

*Cumberland Mountains, Inc. v. Hodel,*
857 F.2d 1516 (D.C.Cir.1988) ................................................................................... 8

*Cuzick v. Zodiac U.S. Seat Shells, LLC,*
No. 16-CV-03793, 2018 WL 2412137 (N.D. Cal. May 29, 2018) ........................................ 12

*Davis v. City & Cnty. of S.F.,*
976 F.2d 1536 (9th Cir. 1992) ................................................................................... 8

*E. W. Bank v. Shanker,*
No. 20-CV-07364-WHO, 2021 WL 6049912 (N.D. Cal. Dec. 20, 2021) ................................ 8

*Esomonu v. Omnicare, Inc.,*
No. 15-CV-02003, 2019 WL 499750 (N.D. Cal. Feb. 8, 2019) .......................................... 12

*Ford v. Alfaro,*
785 F.2d 835 (9th Cir. 1986) .................................................................................... 15

*Gonzalez v. City of Maywood,*
729 F.3d 1196 (9th Cir. 2013) ................................................................................... 4

*Hensley v. Eckerhart,*
461 U.S. 424 (1983) ............................................................................................ 10

*Hubbard v. Total Commc'ns, Inc.,*
623 F. Supp. 2d 270 (D. Conn. 2009) .................................................................... 13, 14

*Jordan v. Multnomah Cty.*,
   815 F.2d 1258 (9th Cir. 1987) ............................................................................ 4

*Kaiser Aluminum & Chemical Corp. v. Bonjorno*,
   494 U.S. 827 (1990) .......................................................................................... 15

*Ketchum v. Moses*,
   24 Cal.4th 1122 (2001) ...................................................................................... 5

*Laba v. JBO Worldwide Supply Pty Ltd*,
   2023 WL 4985290 (S.D.N.Y. 2023) .................................................................. 8

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*,
   791 F.2d 1334 (9th Cir. 1986) ............................................................................ 3

*Monolithic Power Sys., Inc. v. 02 Micro Int'l Ltd.*,
   2012 WL 1577365 (N.D. Cal. May 3, 2012) .................................................... 14

*Moreno v. City of Sacramento*,
   534 F.3d 1106 (9th Cir. 2008) ...................................................................... 5, 10

*Oster v. Standard Ins. Co.*,
   768 F. Supp. 2d 1026 (N.D. Cal. 2011) ............................................................ 13

*Osterneck v. Ernst & Whinney*,
   489 U.S. 169 (1989) .......................................................................................... 13

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
   483 U.S. 711 (1987) ............................................................................................ 8

*Penrod v. AmeriCredit Fin. Servs., Inc. (In re Penrod)*,
   802 F.3d 1084 (9th Cir. 2015) ............................................................................ 3

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542 (2010) ........................................................................................ 4, 5

*Perkins v. Standard Oil Co. of California*,
   487 F.2d 672 (9th Cir. 1973) ............................................................................ 13

*PLCM Grp. v. Drexler*,
   22 Cal. 4th 1084 (2000) ................................................................................ 4, 12

*Progressive Sols., Inc. v. Stanley*,
   No. 16-CV-04805, 2018 WL 6267837 (N.D. Cal. Jul. 13, 2018) ...................... 5

*Ridgeway v. Wal-Mart Stores Inc.*,
   269 F. Supp. 3d 975 (N.D. Cal. 2017) .......................................................... 5, 11

*Roodenburg v. Pavestone Co., L.P.*,
    171 Cal. App. 4th 185 (2009) ............................................................................ 14, 15

*Sierra Club v. U.S. E.P.A.*,
    625 F. Supp. 2d 863 (N.D. Cal. 2007) ........................................................................ 7

*Thermolife Int'l, LLC v. Myogenix Corp.*,
    No. 13-CV-651, 2018 WL 325025 (S.D. Cal. Jan. 8, 2018)*,
    aff'd sub no*m. *Thermolife Int'l LLC v. GNC Co*rp., 922 F.3d 1347 (Fed. Cir. 2019) ........................... 5

*Transbay Auto Serv., Inc. v. Chevron U.S.A., Inc.*,
    No. C 09-04932, 2013 WL 843036 (N.D. Cal. Mar. 6, 2013)................................................. 11

*Uziel v. Superior Ct. of California, Cnty. of L.A.*,
    No. 21-56306, 2023 WL 4311631 (9th Cir. July 3, 2023).................................................... 9

*Uziel v. Superior Ct.*,
    No. CV 19-1458, 2021 WL 5830040 (C.D. Cal. Oct. 19, 2021)............................................... 9

*V.A. v. San Pasqual Valley Unified Sch. Dist.*,
    No. 17-CV-02471, 2018 WL 3956050 (S.D. Cal. Aug. 17, 2018) ........................................... 12

*Vargas v. Berkeley Unified Sch. Dist.*,
    No. 16-CV-06634, 2017 WL 5991857 (N.D. Cal. Dec. 4, 2017)........................................... 4, 9

*W. Pac. Fisheries, Inc. v. S.S. President Grant*,
    730 F.2d 1280 (9th Cir. 1984) ................................................................. 12, 13, 14

*W. Va. v. United States*,
    479 U.S. 305 (1987)................................................................................... 13

*White v. City of Richmond*,
    713 F.2d 458 (9th Cir. 1983) ........................................................................... 8

*Winterrowd v. Am. Gen. Annuity Ins. Co.*,
    556 F.3d 815 (9th Cir. 2009) ........................................................................... 4

Statutes

28 U.S.C. § 1961 .............................................................................. 1, 2, 3, 14, 15

28 U.S.C. § 1961(a) ................................................................................. 14, 15

Cal. Civ. Code § 1717 ................................................................................... 3

Cal. Civ. Code § 1717(a) ............................................................................. 3, 10

Cal. Civ. Code § 3287(a) .............................................................................. 13

Cal. Civ. Code § 3289(b) ............................................................................................. 1, 13

Rules

Fed. R. Civ. P. 54 ..................................................................................................... 1, 2, 6

Fed. R. Civ. P. 54(d) ................................................................................................... 2, 11

Fed. R. Civ. P. 54(d)(1) ..................................................................................................... 1

Fed. R. Civ. P. 54(d)(2) ................................................................................................ 4, 11

Fed. R. Civ. P. 54(d)(2)(A) ............................................................................................... 1

Fed. R. Civ. P. 59(e) ........................................................................................................ 13

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 19, 2024, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 2 – 5th Floor of the above-captioned Court, located at 280 South 1st Street, San Jose, CA 95113, Defendants Match Group, LLC and Match Group, Inc. (collectively, "Match Group") will, and hereby do, move this Court for an Order granting Match Group its reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest on any award of fees and costs, pursuant to the Court's Order Re Joint Proposed Judgment [Dkt. No. 132]; the Judgment [Dkt No. 133]; Federal Rule of Civil Procedure 54; N.D. Cal Civil Local Rule 54; and the parties' Lease. Match Group seeks an Order directing Plaintiff KJ-Park LLC ("Plaintiff") to reimburse Match Group for its reasonable attorneys' fees and nontaxable costs incurred in this action; pre-judgment interest on those fees and costs at the California Civil Code § 3289(b) statutory rate of 10% per annum, accruing as of the commencement of the action on March 23, 2023 and through the date of a judgment award of fees and costs; and post-judgment interest on those fees and costs, including pre-judgment interest on those amounts, at the 28 U.S.C. § 1961 statutory rate, accruing as of the date of a judgment award of fees and costs.

This Motion is based on this Notice and Motion; the appended Memorandum of Points and Authorities; the Declarations of Eileen Ridley and Mark Epstein in Support of this Motion ("Ridley Dec." and "Epstein Dec.") and exhibits thereto; the pleadings and other records on file in this case; and all other evidence and arguments as may be presented at the hearing on Match Group's Motion.

DATED:  October 9, 2024

**FOLEY & LARDNER LLP**
EILEEN R. RIDLEY
ALAN R. OUELLETTE
EVAN L. HAMLING


*/s/ Eileen R. Ridley*
EILEEN R. RIDLEY
Attorneys for Defendants MATCH GROUP,
LLC, and MATCH GROUP, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Following more than eighteen months of hard-fought litigation culminating in the Court's Order on the parties' cross-motions for summary judgment or summary adjudication [Dkt. No. 124], Defendants Match Group, Inc. and Match Group, LLC (collectively, "Match Group") now bring their motion for "attorney's fees and related non-taxable costs," as well as pre- and post-judgment interest on those fees and costs, per Fed. R. Civ. P. 54(d)(2)(A), the Lease language, and the Judgment. [Dkt. No. 133.] Match Group is entitled under the applicable federal and state statutory framework to recoup reasonable attorneys' fees and non-taxable costs they incurred—and continue to incur—in defending against Plaintiff KJ-Park's claims and prevailing on Match Group, LLC's counterclaim. The Lease itself further entitles Match Group to "all" costs and fees incurred in defending an action and litigating its counterclaim arising under the Lease. In addition, federal and California state statutes prescribe the interest calculations applicable to pre-judgment and post-judgment interest accruing on any judgment award of fees and costs requested by the instant Motion, pursuant to 28 U.S.C. § 1961. As set forth below, Match Group's fees and costs incurred are reasonable in light of the relevant circumstances, and the pre- and post-judgment interest amounts are a matter of calculation per statute. Match Group seeks attorneys' fees in the amount of $868,900.92, attributable to Foley & Lardner LLP through August 30, 2024; $148,057.00 attributable to Fennemore Wendel; and nontaxable costs in the amount of $93,550.03, which are recoverable pursuant to the parties' Lease.[1] [Dkt. No. 97-2, p. 42.] Match Group intends to supplement the record for an accounting of reasonable attorneys' fees incurred after August 30, 2024. Match Group respectfully requests the Court grant these attorneys' fees, non-taxable costs, and interest pursuant to Rule 54 and Section 29.21 of the Lease.

///

---

[1] Nontaxable costs sought include costs incurred by Match Group's counsel; expert fees; and costs incurred by Match Group's in-house counsel for discovery vendor fees; transportation; and lodging incurred for travel to depositions, hearings, and mediation. Ridley Dec., Exs. G, H, I; Epstein Dec., Ex. D. Match Group has concurrently filed a Bill of Costs pursuant to Fed. R. Civ. Pro. 54(d)(1) and Civil Local Rule 54-1, along with appropriate documentation to support each taxable cost, in the amount of $31,250.87.

## II.    **FACTUAL BACKGROUND**

This federal diversity action arises out of a commercial lease agreement for a three-story building located at 2555 Park Boulevard in the City of Palo Alto, California (the "Premises"). KJ-Park claimed that Match Group breached the Lease agreement and associated Guaranty, and owed KJ-Park at least $8,095,450 in allegedly unpaid rent, accruing at the rate for $9,962 per day, plus additional unpaid rent. [Dkt. No. 72.] The primary disputed issue was whether Match Group properly terminated the Lease agreement. In addition, Match Group, LLC brought a counterclaim for breach of contract against KJ-Park, alleging that KJ-Park failed to deliver the Premises in the condition required by the Lease; that Match Group, LLC properly terminated the Lease pursuant to its terms; and that Section 2.3 of the Lease required KJ-Park to return $289,693.74 paid by Match Group, LLC to KJ-Park.

Following the parties' cross-motions for summary judgment or adjudication for breach of contract, the Court rendered an opinion granting in part and denying in part each Motion. [Dkt. No. 124.] The Court specifically granted Match Group's motion for summary judgment on KJ-Park's claims for both breach of the Lease and breach of the Guarantee. *Id.* Further, the Court found "Match Group is entitled to summary judgment that it properly terminated the Lease pursuant to section 2.3 of the Lease," and left the recoverable sum to the stipulated determination of the parties in the event they could reach agreement. *Id.* at 27:17-18.

Following the parties' Joint Case Management Conference Statement [Dkt. No. 128], the parties met and conferred on the amount of Match Group, LLC's counterclaim, and the Court ordered the parties to submit a proposed form of judgment by September 24, 2024. [Dkt. No. 130.] The parties did so [Dkt. No. 131], and the Court adopted the parties' stipulation as set out in its Order Re Joint Proposed Judgment. [Dkt. No. 132.] That Order, based on the parties' stipulation, confirms "pursuant to Rule 54(d) . . . Match Group shall be awarded post-judgment interest, at the statutory rate under 28 U.S.C. § 1961, on any such award of attorney's fees and costs, from the date of the award of such fees and costs." *Id.* On the basis of the parties' stipulated form of judgment, the Court entered Judgment on September 25, 2024. [Dkt. No. 133.] The Judgment specifically orders (1) that KJ-Park pay Match Group, LLC $289,693.74 owed under its counterclaim; (2) that KJ-Park pay Match Group, LLC prejudgment interest, pursuant to California

statute, as of May 31, 2019; and (3) that KJ-Park pay Match Group, LLC post-judgment interest "on the total judgment recovered" per 28 U.S.C. 1961. Pursuant to Fed. R. Civ. P. 54 and Local Rule 54, Match Group now respectfully requests an Order directing KJ-Park to pay the reasonable attorneys' fees and non-taxable costs incurred, as well as pre- and post-judgment interest on any award of fees and costs, per the language of the Lease and 28 U.S.C. § 1961 ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

## III.    ARGUMENT

### A.    MATCH GROUP IS ENTITLED TO ITS REASONABLE ATTORNEYS' FEES

#### 1.    The Lease Provides That The Prevailing Party Shall Recover Attorneys' Fees

Where an agreement is governed by California law, federal courts will "look to California law, specifically Cal. Civ. Code section 1717, in interpreting the attorney fee provision." *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341 (9th Cir. 1986). That statute authorizes an award of attorneys' fees "in any action on a contract" where the contract "specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . ." Cal. Civ. Code § 1717(a). An award of fees is appropriate where (1) the action in which the fees are incurred arises from a contract; (2) the contract contains a provision stating that attorney's fees incurred to enforce the contract shall be awarded to the prevailing party; and (3) the party seeking fees is the party who prevailed on the contract. *Penrod v. AmeriCredit Fin. Servs., Inc. (In re Penrod)*, 802 F.3d 1084, 1087-88 (9th Cir. 2015). These circumstances are all present and entitle Match Group to reasonable attorneys' fees: this action arises from a Lease agreement, which contains a valid attorneys' fees provision, under which Match Group, the prevailing party, seeks costs and fees. The Lease filed as Exhibit 1 to Dkt. No. 97-1, the Declaration of Eileen R. Ridley in Support of Defendants Match Group, LLC and Match Group, Inc.'s Motion for Summary Judgment ("Ridley MSJ Dec."), provides the following attorney's fees provision in its entirety:

> 29.21 **Attorneys' Fees.** In the event that either Landlord or Tenant should bring suit for the possession of the Premises, for the recovery of any sum due under this Lease, or because of the breach of any provision of this Lease or for any other relief against the other, then **all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party therein shall be paid by the other party, which obligation on the part of**

DEFENDANTS MATCH GROUP, LLC AND MATCH GROUP, INC.'S NOTICE OF MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

1

2

3

**the other party shall be deemed to have accrued on the date of the commencement of such action** and shall be enforceable whether or not the action is prosecuted to judgment.
[Dkt. No. 97-2, p. 42] (emphasis added)

4

5

6

7

8

9

10

11

12

As discussed further below, not only does the contractual attorneys' fees provision provide for the complete recovery of attorneys' fees—it also entitles Match Group to recovery of "all costs and expenses," as accrued "as of the date of the commencement" of this action. Although Match Group successfully removed the case to this District Court, KJ-Park commenced this action in California Superior Court for the County of Santa Clara on March 23, 2023. Match Group is therefore entitled to "all costs and expenses, including reasonable attorneys' fees" incurred in this action, which obligations accrued as of March 23, 2023. *See* Fed. R. Civ. P. 54(d)(2) (requiring a motion for a "claim for attorney's fees and related nontaxable expenses" to "specify the judgment and the statute, rule, or other grounds entitling the movant to the award.").

13

### 2.    Match Group's Fees And Time Spent Are Reasonable

14

#### a.    Applicable Standards

15

16

17

18

19

20

21

22

23

24

25

26

27

Under California and federal law, courts use the lodestar method to calculate reasonable attorneys' fees, multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551 (2010); *Chavez v. City of L.A.*, 47 Cal. 4th 970, 985 (2010). "In determining whether an hourly rate is reasonable, courts consider the 'prevailing market rates in the relevant community,' and 'the experience, skill, and reputation' of the attorney." *Vargas v. Berkeley Unified Sch. Dist.*, No. 16-CV-06634, 2017 WL 5991857, at *1 (N.D. Cal. Dec. 4, 2017) (quoting *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205-06 (9th Cir. 2013)). "Fee awards calculated under the lodestar method are generally presumed to be reasonable." *Id.* (citing *Gonzalez*, 729 F.3d at 1208-09.) The Court may also consider other factors, such as "(1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained." *Id.* Recovery includes work performed by paralegals and other legal support staff. *See Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 823 (9th Cir. 2009). "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with

28

those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987); *see also PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000) ("The reasonable hourly rate is that prevailing in the community for similar work.") (citation omitted); *Progressive Sols., Inc. v. Stanley*, No. 16-CV-04805, 2018 WL 6267837, at *4 (N.D. Cal. Jul. 13, 2018) (citation omitted). Civil Local Rule 54-5(b)(3) requires the party seeking a fee award to submit "[a] brief description of relevant qualifications and experience and a statement of the customary hourly charges of each such person or of comparable prevailing hourly rates or other indication of value of the services." Such descriptions are set forth in the Declaration of Eileen R. Ridley in support of this Motion. Ridley Dec., ¶¶ 3-7.

In addition to the reasonableness of counsel's rates, the Court also evaluates the reasonableness of the time counsel spent litigating the case. *See Perdue*, 559 U.S. at 551; *Chavez*, 47 Cal. 4th at 985. "Under California law, 'absent circumstances rendering the award unjust, an attorney fee award should ordinarily include compensation for **all** the hours **reasonably spent**, including those relating solely to the fee.'" *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 986 (N.D. Cal. 2017) (emphasis in original) (quoting *Ketchum v. Moses*, 24 Cal.4th 1122, 1133 (2001)). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Reasonable hours are not limited to those spent on winning arguments. *Alzheimer's Inst. of Am. v. Eli Lilly & Co.*, No. 10-CV-00482, 2016 WL 7732621, at *7 (N.D. Cal. Apr. 14, 2016), *aff'd sub nom. AIA Am., Inc. v. Eli Lilly & Co.*, 695 F. App'x 573 (Fed. Cir. 2017) ("[R]ecovery of attorneys' fees is not strictly limited to time spent on winning arguments, but rather includes time spent reasonably by the prevailing party."); *Thermolife Int'l, LLC v. Myogenix Corp.*, No. 13-CV-651, 2018 WL 325025, at *7 (S.D. Cal. Jan. 8, 2018), *aff'd sub nom. Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347 (Fed. Cir. 2019) ("Vital's motions were not meritless, and the Court declines to reduce the award for time spent on the motions.").

### b.    Match Group's Counsel's Hourly Rates In This Action Are Reasonable

Match's counsel, Foley & Lardner LLP ("Foley" or the "Firm") billed at prevailing hourly rates

for established clients such as Match Group. Some of these rates were discounted from the Firm's prevailing rate schedule in light of the Firm's relationship with Match and its practice of discounting certain rates for certain clients. *See* Ridley Dec. ¶ 10. Match Group initially retained the firm Fennemore Wendel ("Fennemore") to litigate this matter, retained Foley shortly thereafter, and now seeks its recoverable attorneys' fees from both firms per Rule 54. This action commenced as a complicated case with a purported value of over $8 million in allegedly unpaid rent, and only became more complex over the ensuing months, raising questions of contract construction and interpretation; land use and vested rights; City of Palo Alto municipal ordinances; and other issues. This complexity necessitated voluminous written discovery, much of which resulted in informal discovery dispute filings with the Court. The high volume of both party and third-party discovery in this case consisted of nearly 70,000 documents, necessitating significant attention and analysis and further supporting the reasonableness of fees incurred.

This action also necessitated significant legal work preparing for nearly twenty separate depositions of high-ranking client personnel, City of Palo Alto employees, third-party brokers and agents, and multiple experts and rebuttal experts. Additionally, both parties filed and litigated cross-motions for summary judgment on inapposite legal theories implicating Palo Alto municipal law, land use and vested rights law, and canons of contract interpretation. By the time Match Group prevailed on both its own summary judgment motion and its opposition to KJ-Park's own summary judgment motion, both parties had expended significant legal resources litigating this case. Such resources were necessary to litigate not only Match Group's counterclaim for a first month's rent payment, but to defend against KJ-Park's claims seeking damages in excess of $10 million in alleged lost rent and interest—far in excess of the value of the judgment obtained by Match Group and any award of costs and fees.

The result was not easily reached; it required over a year and a half of substantial, complex, and hard-fought litigation, including, among other things, multiple discovery disputes, KJ-Park's unmeritorious efforts to introduce improper expert opinions, and the complete impasse of the parties' respective legal positions on the Lease, the City of Palo Alto, the Retail Ordinance, and other primary issues, as the case approached summary judgment. As set forth in the Declaration in support of this Motion ["Ridley Dec."], Match Group seeks reimbursement for the following attorneys' fees incurred by Foley:

| Name | Billed Hours | Billed Rates | Billed Amount |
|---|---|---|---|
| Eileen R. Ridley (partner) | 238.10 | $875 [8/18/23-1/31/24] $975 [2/2/24-] | $194,917.80 |
| Robert T. Slovak (Partner) | 73.00 | $750 [9/28/23-1/29/24] $825 [2/20/24-] | $54,750.00 |
| Alan R. Ouellette (senior counsel) | 400.00 | $750 [12/18/23-1/31/24] $800 [2/1/24-] | $256,000.00 |
| Evan L. Hamling (associate) | 491.10 | $470 [10/11/23-1/31/24] $570 [2/1/24-] | $220,995.00 |
| Jennifer Huckleberry (associate) | 68.50 | $505 | $31,167.50 |
| Wendy Delvalle (paralegal) | 197.30 | $375 [12/15/23-1/21/24] $395 [2/2/24-] | $69,055.00 |
| Tanya C. Durham (paralegal) | 12.10 | $300 [9/7/23-1/27/24] $330 [2/4/24-] | 3,509.00 |
| Jesus Torres (paralegal) | 129.70 | $325 [1/31/24] $350 [2/2/24-] | $37,613.00 |
| Carlos D. Freitas | 1.00 | $385 | $385.00 |
| Noel Velasco (Project Manager, Litigation Support) | 1.10 | $470 | $508.62 |

The billed work captured in this table spans litigation activity beginning with Match Group's retention of Foley through August 30, 2024, and totals $868,900.92, referenced in Section I, *supra*.[2] This work follows work performed by Fennemore following Match Group's termination of the Lease on May 31, 2019, as well as other work set forth in the Declaration of Mark Epstein in support of the instant Motion ["Epstein Dec."]. Work performed by Fennemore includes but is not limited to reviewing the development of the case prior to the removal to this District Court; removing the case to the District Court; and moving to dismiss the federal Complaint. Match Group retained Foley following the oral argument on the Motion to Dismiss KJ-Park's Complaint, in August 2023, and Fennemore continued to assist with various litigation items in conjunction with Foley through the pendency of the action. As a result, Fennemore's fees incurred as of the date of the instant Motion total $148,057.00. Epstein Dec., Ex. C. Foley performed work including but not limited to defending this litigation through summary judgment

---

[2] Match Group will supplement the record to present an accounting of fees incurred for time reasonably expended after August 30, 2024, including time spent on recovery of fees.

in July 2024; discovery disputes; motion practice; settlement and mediation efforts; taking and defending several depositions; challenging multiple experts and resolving multiple expert discovery motions and Daubert motions; filing the motion for summary judgment and opposing KJ-Park's motion for partial summary judgment; and part of the work required to prepare the instant Motion. *See, e.g.*, *Sierra Club v. U.S. E.P.A.*, 625 F. Supp. 2d 863, 870 (N.D. Cal. 2007) ("the court may award attorneys' fees for prelitigation work that is necessary to the filing of an action"); *Davis v. City & Cnty. of S.F.*, 976 F.2d 1536, 1544 (9th Cir. 1992) (noting that the Ninth Circuit "has repeatedly held that time spent by counsel in establishing the right to a fee award is compensable."). As noted above, Foley's hourly rates in this matter reflected the Firm's customary hourly rates for legal services rendered to established clients like Match Group, including discounted rates pursuant to Firm practices. This alone supports their reasonableness. *See White v. City of Richmond*, 713 F.2d 458, 461 (9th Cir. 1983), *disapproved on other grounds by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 483 U.S. 711, 718 n.4 (1987) ("evidence of counsel's customary hourly rate may be considered by the District Court"); *Carson v. Billings Police Dep't*, 470 F.3d 889, 892 (9th Cir. 2006) (noting the fact that "a lawyer charges a particular hourly rate, and gets it, is evidence bearing on what the market rate is, because the lawyer and his clients are part of the market."); *see also Bolden v. J&R Inc.*, 135 F. Supp. 2d 177, 179 (D.D.C. 2001) ("An attorney's actual billing rate is presumptively deemed a reasonable rate, provided that the rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'") (quoting *Cumberland Mountains, Inc. v. Hodel,* 857 F.2d 1516, 1518–1519 (D.C.Cir.1988)); *see also E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 6049912, at *6 (N.D. Cal. Dec. 20, 2021) (noting "the higher-than average billing rates of counsel are reasonable given the super-charged rates of large firms in the Bay Area that clients pay.").

Foley and Fennemore's fees are also reasonable in light of recent benchmarks for fees. Appended to the Ridley Dec. in support of this Motion is an excerpt from the National Law Journal's 2017 Billing Survey—the most recently published edition—showing a range of hourly rates for comparable law firms in comparable markets that ranged from $235 to $1,435 for partners and $175 to $1,080 for associates. As set forth in the Ridley Dec., Epstein Dec., and exhibits thereto, the rates charged by both Foley and

Fennemore were well below the high end of those ranges, which have likely increased in the years since. That Foley further discounted its prevailing hourly rates further confirms the total amounts incurred by Match Group are reasonable. "That the rates charged are typical of that charged and paid by the firm's clients is strong evidence that the rates requested are reasonable." *Laba v. JBO Worldwide Supply Pty Ltd*, 2023 WL 4985290, at *14 (S.D.N.Y. 2023) (finding "the hourly rates for Moskin and Welch [a partner and associate at Foley & Lardner LLP] are reasonable" because the rates charged were "consistent with the prevailing rates" in the jurisdiction); *see Uziel v. Superior Ct.*, No. CV 19-1458, 2021 WL 5830040, at *6 (C.D. Cal. Oct. 19, 2021), *report and recommendation adopted sub nom. Uziel v. Superior Ct. of California for Cnty. of Los Angeles*, No. CV 19-1458, 2021 WL 5830036 (C.D. Cal. Nov. 22, 2021), *aff'd sub nom. Uziel v. Superior Ct. of California, Cnty. of L.A.*, No. 21-56306, 2023 WL 4311631 (9th Cir. July 3, 2023) ("The rate sought here is below the current standard hourly rate charged to clients by Mr. Reif."); Ridley Dec., ¶ 10.

The remaining factors—"the experience, skill, and reputation of the attorney[s], … the special skill and experience of counsel[,] the quality of representation[,] and [] the results obtained," *Vargas*, 2017 WL 5991857, at *1—similarly support the reasonableness of Match Group's counsel's rates in this case. Counsel at Foley who worked on this case are all accomplished attorneys who gained substantial experience practicing at one of the largest law firms in the world. *See* Ridley Dec., ¶¶ 3-6 (firm biographies). Finally, Foley's representation produced a complete win for Match Group, in which the Court entered a judgment in favor of Match Group on its counterclaim and KJ-Parks' claims and rejected each of KJ-Park's claims. [Dkt. No. 133]; *see also Uziel v. Superior Ct.*, No. CV 19-1458, 2021 WL 5830040, at *7 (C.D. Cal. Oct. 19, 2021) ("The outcome of these proceedings supports the requested hourly rates. RLG obtained a complete victory for Defendants."). Finally, the fee ranges in proportion to the alleged value of the case demonstrates their reasonableness. The range between the $8,095,450-plus daily damages and interest that KJ-Park initially sought and the end result—$300 thousand plus interest recovered by Match Group on summary judgment—is an over ten-million-dollar gulf.

### c.    The Hours Expended In This Case Were Reasonable

This case, although facially predicated on a Lease dispute, necessitated complex litigation over

1   more than a year of time, including substantial written and testimonial discovery; multiple discovery

2   disputes; cross-motions for summary judgment or adjudication; motions to strike experts; hearings on

3   such filings; and post-judgment fee recovery procedures. Match Group's counsel was required to spend

4   significant attorney and staff time over the course of this matter's proceedings. *See* Ridley Dec; Epstein

5   Dec. This includes substantial time on preparing and filing Answers; motion practice; written and

6   testimonial discovery; over a dozen depositions; expert discovery and depositions; motions to strike

7   experts; trial preparation; settlement conferences; and cross-moving for summary judgment. Foley's time

8   expended on these matters was justified, particularly in light of the judgment it obtained for Match Group

9   at summary judgment. *Moreno*, 534 F.3d at 1112 ("By and large, the court should defer to the winning

10  lawyer's professional judgment as to how much time he was required to spend on the case . . . .").

11      Based on the foregoing hours and rates, the sum total of currently ascertainable attorneys' fees

12  incurred by Match Group, including fees incurred with Foley and Fennemore, is $1,016,957.92.[3] This

13  total, plus the fees incurred on the instant Motion, is reasonable and justified in view of the extensive

14  litigation required to bring this case to Judgment, and the Court's decision to award Match Group a

15  complete recovery of its counterclaim. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Where a

16  [party] has obtained excellent results, [its] attorney should recover a fully compensatory fee. Normally

17  this will encompass all hours reasonably expended on the litigation.") As noted above, a "fully

18  compensatory fee" will include fees incurred through the date of the instant Motion. *Id.* Finally, the value

19  of the case alleged by KJ-Park, in excess of $10 million, demonstrates the reasonableness of the fees

20  incurred by Match Group in defending against the breach claims and prevailing on its breach counterclaim.

21      **B.    MATCH GROUP IS ENTITLED TO ITS NONTAXABLE COSTS**

22      The California Civil Code authorizes an award of costs "in any action on a contract" where the

23  contract "specifically provides that attorney's fees and costs, which are incurred to enforce that contract,

24  shall be awarded . . . ." Cal. Civ. Code § 1717(a). This statute applies here because Match Group is the

25  prevailing party on an action to enforce its recovery for KJ-Park's breach of a contract governed by

26

27  _____

    [3] This total includes Foley fees through August 30, 2024 and Fennemore fees through September 30,
28  2024.

California law. *See* Ridley MSJ Dec. [Dkt. No. 97-2 at p. 42] ("29.22 **Governing Law; Waiver of Jury Trial.** This Lease shall be construed and enforced in accordance with the laws of the State of California."). As noted above, the Lease's attorneys' fees provision specifically entitles the prevailing party, on an action arising out of the Lease, to "all costs and expenses, including reasonable attorneys' fees . . . which obligation . . . shall be deemed to have accrued on the date of the commencement of such action . . . ." [Dkt. No. 97-1 at p. 42.] Moreover, the costs for which Match Group seeks recovery are all costs normally charged to a client in the course of litigation. *Transbay Auto Serv., Inc. v. Chevron U.S.A., Inc*., No. C 09-04932 SI, 2013 WL 843036, at *8 (N.D. Cal. Mar. 6, 2013) ("The Court finds that the costs incurred by Transbay are recoverable because they are reasonable out of pocket expenses that would normally be charged to a fee paying client."). Match Group is also entitled to recover costs under Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."); *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 1001 (N.D. Cal. 2017) (awarding costs to prevailing party even where it did not carry all claims through to trial).

Match Group is further entitled to its nontaxable expert fees, per the Lease: "29.21 Attorneys' Fees. . . . ***all costs and expenses***, including reasonable attorneys' fees, incurred by the prevailing party therein shall be paid by the other party, which obligation on the part of the other party shall be deemed to have ***accrued on the date of the commencement of such action***." Dkt. No. 97-1, Ex. 1 (emphasis added). *See* Fed. R. Civ. P. 54(d)(2) (requiring a motion for a "claim for attorney's fees and related nontaxable expenses" to "specify the judgment and the statute, rule, or *other grounds* entitling the movant to the award.") (emphasis added). These expenses incurred in defending this action and litigating Match Group, LLC's counterclaim include the retention of an expert to testify and produce an expert report, and a rebuttal expert to rebut the opinions of KJ-Park's retained land use expert. Match Group retained Valbridge Property Advisors ("Valbridge") on March 20, 2024, and incurred expert fees including the preparation of Valbridge's expert report, preparing for depositions, taking depositions, and other expert work. Valbridge provided the following hourly fee schedule for the experts who worked on this matter: Josh Fronen, MAI, Managing Director, $545; James Murren, Appraiser, $420, and Analyst, $250. Ridley Dec.,

Ex. H. Match Group also engaged rebuttal expert Kelly Snider on May 20, 2024, and incurred expenses in obtaining her rebuttal report and preparing and defending her deposition. Ms. Snider provided a fee schedule of $375 per hour for her expert work. *Id.* Finally, Match Group paid the expert fees for taking the depositions of KJ-Park's retained experts Erik Schoennauer and Craig Owyang, which were necessary expenses incurred in defending against KJ-Park's claims and prevailing on Match Group, LLC's counterclaim. *Id.*

Based on the above, Match Group respectfully requests an award of $93,550.03 in nontaxable costs incurred to date, which are attributable to discovery vendor fees, document hosting fees, deposition and hearing transcription costs, trial support fees, delivery and outside printing for chambers and courtesy copies, lodging, meals, and travel for depositions, and litigation support vendor fees (among other recoverable costs, including nontaxable expert fees, per the Lease). *See* Ridley Dec., Ex. G, H, I; Epstein Dec., Ex. D. These costs also include costs incurred by Match Group's in-house counsel to travel to and attend hearings on motions filed in this action, mediation sessions, as well as multiple depositions of individuals and corporate witnesses. Ridley Dec., Ex. I; *see PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1088, 997 P.2d 511, 513 (2000), *as modified* (June 2, 2000) ("Like private counsel, in-house counsel stand in an attorney-client relationship with the corporation and provide comparable legal services."). These costs were necessarily and reasonably incurred in bringing Match Group's counterclaim to judgment and are substantiated in the accompanying declaration of Match Group's lead counsel. *See* Ridley Dec. They are, moreover, among the types of costs Courts in this District and elsewhere regularly hold are subject to reimbursement. *See, e.g.*, *V.A. v. San Pasqual Valley Unified Sch. Dist.*, No. 17-CV-02471, 2018 WL 3956050, at *4 (S.D. Cal. Aug. 17, 2018) (court filing fees, court reporter, and printing costs found to be reasonable and recoverable); *Esomonu v. Omnicare, Inc.*, No. 15-CV-02003, 2019 WL 499750, at *7 (N.D. Cal. Feb. 8, 2019) (court filing fees, document delivery, and travel all held reimbursable); *Cuzick v. Zodiac U.S. Seat Shells, LLC*, No. 16-CV-03793, 2018 WL 2412137, at *8 (N.D. Cal. May 29, 2018) (granting reimbursement of costs including mediation fees, travel, research, printing, postage, service charges, and filing fees).

///

1

2

### C.    MATCH GROUP IS ENTITLED TO PRE-JUDGMENT AND POST-JUDGMENT INTEREST ON ANY AWARD OF FEES AND COSTS

3

#### 1.    Pre-Judgment Interest

4    Pre-judgment interest is an element of compensation, not a penalty. *See W. Pac. Fisheries, Inc. v.*

5    *S.S. President Grant*, 730 F.2d 1280, 1288 (9th Cir. 1984). Pre-judgment interest achieves "full

6    compensation" for the loss of money due as damages from the time a claim accrues until judgment—

7    including a judgment for attorneys' fees—is entered. *W. Va. v. United States*, 479 U.S. 305, 311 n.2

8    (1987); *Hubbard v. Total Commc'ns, Inc.*, 623 F. Supp. 2d 270, 272 (D. Conn. 2009) ("[A]n award of

9    attorney's fees is a 'judgment' under the terms of the statute."). The Court can amend a judgment after

10    entry to include interest. *See* Fed. R. Civ. P. 59(e); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177

11    (1989) (holding post-judgment motion for pre-judgment interest was properly brought under Rule 59(e)

12    and "helps further the important goal of avoiding piecemeal appellate review of judgments"); *Oster v.*

13    *Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1038 (N.D. Cal. 2011) ("The Court finds that pre-judgment

14    interest is appropriate in this case and that Plaintiff is not procedurally barred from seeking pre-judgment

15    interest."). Where, as here, the parties' contract does not provide for pre-judgment interest, the Court

16    applies the California statutory rate of interest to the amount of the judgment. Cal. Civ. Code § 3289(b)

17    ("If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation

18    shall bear interest at a rate of 10 percent per annum after a breach.") The Court's Judgment [Dkt. No. 133]

19    expressly provides "Pursuant to Cal. Civil Code § 3287(a), KJ-Park shall pay Match Group, LLC

20    prejudgment interest on the principal sum of $289,693.74, accruing as of May 31, 2019 and through the

21    date of this judgment, at the California statutory rate of ten percent per annum, pursuant to Cal. Civ. Code

22    § 3289(b)." However, since an award of attorneys' fees and nontaxable costs is a "judgment," and pre-

23    judgment interest is an "element of compensation," complete compensation for Match Group includes

24    pre-judgment interest on any judgment award of fees and costs. *W. Pac. Fisheries, Inc.*, 730 F.2d at 1288;

25    *Hubbard*, 623 F. Supp. 2d at 272. The Ninth Circuit has confirmed that the quantum of a judgment of

26    costs and fees is subject to prejudgment interest:

27

28

> In our view there exists no real distinction between judgments for attorneys'
> fees and judgments for other items of damages. True, claims for

> "reasonable" attorneys' fees, being unliquidated until they are determined by a court, are not entitled to pre-judgment interest as would be certain liquidated claims. ***But once a judgment is obtained, interest thereon is mandatory without regard to the elements of which that judgment is composed.*** *Perkins v. Standard Oil Co. of California*, 487 F.2d 672, 675 (9th Cir. 1973) (emphasis added).

Finally, the Lease expressly confirms the parties' intent for any and all costs and fees incurred to be recoverable by a prevailing party on an action arising out of the Lease: "[A]ll costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party therein shall be paid by the other party." [Dkt. No. 97-2, p. 42.] And essentially for the calculations of pre-judgment interest, the parties expressly affirmed their intent that the "obligation on the part of the other party shall be deemed to have accrued on the date of the commencement of such action and shall be enforceable whether or not the action is prosecuted to judgment." *Id.* The parties' use of "accrued" with respect to the commencement of the action indicates an express intent for a prevailing party on an action under the Lease to be made whole from the date of commencement of the action. Because pre-judgment interest is an "element of compensation," complete compensation for Match Group must include pre-judgment interest on its costs and fees, accruing as of the date of the commencement of the action, March 23, 2023. *W. Pac. Fisheries, Inc.*, 730 F.2d at 1288; *Hubbard*, 623 F. Supp. 2d at 272.

## 2. Post-judgment Interest

Match Group is further entitled to post-judgment interest on any judgment award of fees and costs. Post-judgment interest "shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of the judgment" at a prescribed rate. 28 U.S.C. § 1961; *see also Monolithic Power Sys., Inc. v. 02 Micro Int'l Ltd*., 2012 WL 1577365, at *3 (N.D. Cal. May 3, 2012) ("Under 28 U.S.C. § 1961(a), interest is allowed on money judgments in civil cases recovered in a district court accruing from the date of the entry of the judgment. Courts have interpreted this to mean that post-judgment interest is calculated from the date of the judgment establishing the right to the award.") (citation and quotations omitted); *Alzheimer's Inst. of Am. v. Eli Lilly & Co.*, No. 10-CV-082, 2016 WL 7732621, at *8 (N.D. Cal. Apr. 14, 2016), *aff'd sub nom. AIA Am., Inc. v. Eli Lilly & Co.*, 695 F. App'x 573 (Fed. Cir. 2017) (awarding post-judgment interest starting from date of order awarding

fees). KJ-Park's obligation to pay these sums of interest are "no less enforceable than the obligation to pay" the principal sum of judgment itself. *Roodenburg v. Pavestone Co., L.P.,* 171 Cal. App. 4th 185, 192 (2009).

Match Group is entitled to such post-judgment interest on the *total* judgment amount, which necessarily includes pre-judgment interest. "Post-judgment interest should be awarded on the ***entire amount of the judgment, including any pre-judgment interest***." *Id.* (citing *Air Separation, Inc. v. Underwriters at Lloyd's of London,* 45 F.3d 288, 291 (9th Cir.1995)) (emphasis added). Post-judgment interest at the applicable federal statutory rate must accrue on the entire award of fees and costs—including the principal sum of fees and costs and pre-judgment interest on those fees and costs—from the date of entry of a final judgment in this litigation that includes an award of fees and costs. 28 U.S.C. § 1961; *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir. 1986) ("constru[ing] the language of section 1961 to be mandatory in cases awarding post-judgment interest"); *Kaiser Aluminum & Chemical Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990) ("[P]ostjudgment interest properly runs from the date of the entry of judgment.") The applicable interest rate derives from statutory language providing: "interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C.A. § 1961(a). The weekly average 1-year constant maturity Treasury yield is available from the Board of Governors of the Federal Reserve System online rate publication.[4] Post-judgment interest at the statutory rate should accrue on the balance of the judgment award of costs and fees from the date of the judgment. 28 U.S.C. § 1961; *see also Alzheimer's Inst. of Am*, 2016 WL 7732621, at *8 (awarding post-judgment interest starting from date of order awarding fees).

## IV.    <u>CONCLUSION</u>

For all the foregoing reasons, Match Group respectfully requests that the Court grant the Motion for attorneys' fees and nontaxable costs in its entirety, as well as pre-judgment and post-judgment interest accrued on those fees and costs, per statute.

///

---

[4] *See* https://www.federalreserve.gov/releases/H15/default.htm for the published interest rates.

DATED:  October 9, 2024

**FOLEY & LARDNER LLP**
EILEEN R. RIDLEY
ALAN R. OUELLETTE
EVAN L. HAMLING


*/s/ Eileen R. Ridley*
EILEEN R. RIDLEY
Attorney for Defendants MATCH GROUP,
LLC, and MATCH GROUP, INC.