United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

KJ-PARK, LLC,

Plaintiff,

v.

MATCH GROUP, LLC, et al.,

Defendants.

Case No. 23-cv-02346-VKD

**ORDER RE MANDATE RULE AND FURTHER PROCEEDINGS**

Re: Dkt. Nos. 163, 168, 169

This order resolves the parties' disagreement regarding what claims and defenses remain to be adjudicated following the Ninth Circuit's decision on appeal, and sets a schedule for further proceedings.

## I. BACKGROUND

### A. Prior Litigation Proceedings in this Court

This federal diversity action arises out of a commercial lease agreement for a three-story building located at 2555 Park Boulevard in the City of Palo Alto, California ("City"). Plaintiff KJ-Park, LLC ("KJ-Park") claims that defendants Match Group, LLC and Match Group, Inc. (collectively, "defendants" or "Match Group") breached the lease agreement and a guaranty, and owe KJ-Park at least $6,986,605 in damages, plus additional unpaid rent. *See* Dkt. No. 72. Match Group counterclaimed for breach of contract and money had and received, claiming that defendants properly terminated the lease agreement pursuant to KJ-Park's breach of the lease agreement. The key disputed issue was whether Match Group properly terminated the lease agreement. The focus of the litigation concerned a City retail ordinance. KJ-Park principally contended that it obtained a "vested legal right" to use the entire three-story building as office

United States District Court
Northern District of California

space well before the parties entered into the lease agreement, regardless of any position to the contrary asserted by the City, and that Match Group therefore had no right to terminate the lease agreement on the basis that KJ-Park failed to deliver premises that complied with the ordinance.

KJ-Park moved for partial summary judgment on its claims for breach of contract and breach of guaranty, as well as on Match Group's affirmative defenses of mistake, fraud in the inducement, illegal purpose, and frustration of purpose. Dkt. No. 100. Defendants moved for summary judgment on KJ-Park's claims, as well as on the counterclaims for breach of contract and for money had and received, and on defendants' affirmative defenses of mistake and frustration of purpose. Dkt. No. 97.

The Court granted summary judgment for Match Group on KJ-Park's claims, denied partial summary judgment to KJ-Park, granted summary judgment for Match Group on its counterclaims, and awarded fees and costs to Match Group. Dkt. Nos. 124, 149. The Court found it unnecessary to address the parties' respective *Daubert*[1] motions (Dkt. Nos. 99, 104) regarding KJ-Park's damages expert, Craig Owyang, and Match Group's damages expert, Josh Fronen; the Court denied those *Daubert* motions as moot. Dkt. No. 124 at 2 n.2. In sum, after the Court issued its summary judgment rulings, the trial in this matter was narrowed to the amount of money that Match Group claimed KJ-Park was obliged to return to Match Group.

**B. Ninth Circuit Appeal**

On appeal to the Ninth Circuit, KJ-Park argued for the first time that the retail ordinance in question was not "Applicable Law" under the "Landlord Work" provision of the parties' lease, and that the ordinance had no bearing on KJ-Park's contractual obligations. The Ninth Circuit agreed and, after construing the lease agreement, found that KJ-Park met its contractual obligations to provide "the base, shell, and core" of the subject building:

> In short, the contract assigns responsibility to KJ-Park for constructing the parts of the Building it was responsible for—the base, shell, and core—in compliance with applicable laws. However, these requirements specifically "exclude[d] any compliance obligations triggered by [Match]'s specific use of . . . the premises." Similarly, KJ-Park was not responsible for

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

> compliance with laws required to obtain a construction permit that were "solely due to the nature of Tenant's improvement or alteration" and specifically contrasts this with "a compliance with law obligation that would be triggered merely by pulling any construction permit." The lease makes KJ-Park responsible for the "base, shell and core" only. Nor does this interpretation "strain[] logic," as Match argues; it assigns compliance to the party responsible for the relevant construction. Even in its own termination letter, Match acknowledged that the March 28, 2019, final inspection approvals from the City "evidence that the Base, Shell and Core were in compliance with Applicable Law."
>
> Because the Ordinance was not "Applicable Law" under the contract, Match was not entitled to terminate the lease and there is no need to reach the issue of whether the Building was in compliance with the Ordinance. Therefore, we conclude that Match was not entitled to summary judgment on KJ-Park's breach-of-contract claim or its counterclaims.

Dkt. No. 157 at 7-8.

The Ninth Circuit reversed and remanded this Court's grant of summary judgment for Match Group on KJ-Park's breach of contract and breach of guaranty claims, as well as on Match Group's counterclaims for breach of contract and for money had and received, and vacated the Court's award of fees and costs. The Ninth Circuit also vacated this Court's denial as moot of the *Daubert* motions regarding damages experts Messrs. Owyang and Fronen. *Id*. at 8-9.

### C. Post-Remand Proceedings

Shortly after the Ninth Circuit entered its mandate (*see* Dkt. Nos. 158, 160), the Court held a status conference regarding further proceedings. *See* Dkt. Nos. 159, 162, 164. The parties dispute the scope of the Ninth Circuit's mandate and the matters that remain to be completed or addressed. *See* Dkt. No. 163. As ordered by the Court, the parties filed additional briefing on the issues. Dkt. Nos. 166, 168, 169. The Court deemed the matter submitted on the papers (*see* Dkt. No. 166) and now resolves the parties' dispute regarding further proceedings as discussed below.

## II. LEGAL STANDARD

The mandate rule provides that when a case has been decided on appeal and remanded to the district court, "whatever was before [the appellate] court, and disposed of by its decree, is considered as finally settled." *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (citation omitted). "The [district court] is bound by the decree as the law of the case, and must carry it into execution according to the mandate." *Id*. (citation omitted). "But the [district court]

may consider and decide any matters left open by the mandate of [the appellate] court." *Id.* (citation omitted).

"The mandate rule limits the jurisdiction of district courts and agencies on remand," and "jurisdictionally bars district courts and agencies from revisiting matters that [the Ninth Circuit] has decided." *Valley Hospital Med. Ctr., Inc. v. N.L.R.B.*, 100 F.4th 994, 1000 (9th Cir. 2024); *see also Thrasher*, 483 F.3d at 982 ("[I]n this circuit, if a district court errs by violating the rule of mandate, the error is a jurisdictional one."). "That is, if a claim falls outside the scope of [the Ninth Circuit's] remand, then the district court is without jurisdiction to hear the claim." *Alaska Dep't of Fish & Game v. Fed. Subsistence Bd.*, 139 F.4th 773, 788 (9th Cir. 2025).

In analyzing the scope of remand, the Ninth Circuit's opinion "may be consulted to ascertain what was intended by [the Ninth Circuit's] mandate." *Id.* (citation modified; citation omitted). "Any issue conclusively decided or decided by necessary implication" in the appeal "is not remanded to the district court." *Id.* "Thus, the ultimate task is to distinguish matters that have been decided on appeal from matters that have not." *Id.* (citation modified; citation omitted).

## III. DISCUSSION

KJ-Park contends that the only matter that remains to be adjudicated is the amount of damages owed to KJ-Park based on Match Group's breach of the lease and/or guaranty. KJ-Park appears to agree that adjudication of its claimed damages also includes consideration of Match Group's ninth affirmative defense based on mitigation. KJ-Park contends that all other defenses and counterclaims are foreclosed by the Ninth Circuit's mandate. *See* Dkt. No. 169.

Match Group argues that the Ninth Circuit determined only that the ordinance is not "Applicable Law" under the parties' lease agreement. Match Group thus contends that, in addition to the issue of KJ-Park's mitigation of damages, the matters that remain to be adjudicated broadly include (1) "independent issues of conditions precedent to 'Delivery Condition'" under the lease; (2) Match Group's third and fourth affirmative defenses based on unilateral and mutual mistake, (3) Match Group's counterclaims for breach of contract and money had and received, and (4) damages. *See* Dkt. No. 168.

Although KJ-Park notes that "district courts must implement both the letter and the spirit

of the mandate," *Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023), many of KJ-Park's arguments confuse the merits of any matters that remain to be adjudicated with the requirements of the mandate rule. KJ-Park therefore fails to persuade that its claimed damages are the sole remaining issue. However, for the reasons discussed below, the Court is also not persuaded that the scope of matters that remain to be adjudicated is as broad as Match Group contends.

**A. Matters that Are Foreclosed or no Longer at Issue**

The Court finds that the following claims and defenses are either foreclosed by the Ninth Circuit's mandate, or are no longer at issue (or both):

**1. Match Group's first affirmative defense (failure to state a claim)**: This action has progressed well beyond a challenge to the sufficiency of KJ-Park's claims. Match Group does not suggest that it intends to pursue this affirmative defense, and the Court finds no basis for Match Group to do so at this stage of the proceedings.

**2. Match Group's fifth affirmative defense (failure of condition precedent)**: As pled, this affirmative defense is based on KJ-Park's failure "to satisfy a condition precedent," namely, the failure to "procure[] the necessary legal entitlements that would enable Match Group, LLC to use the entire premises for general office use because the City of Palo Alto had taken the position that it's [sic] Retail Preservation Ordinance required that the ground floor of the premises be used for retail." Dkt. No. 76 at 8-9. Those are matters that the Ninth Circuit has conclusively decided or decided by necessary implication on appeal. Match Group's fifth affirmative defense is foreclosed by the Ninth Circuit's mandate.

**3. Match Group's sixth affirmative defense (fraud in the inducement)**: The Court granted summary judgment for KJ-Park on this affirmative defense, on grounds unrelated to any matter that the Ninth Circuit addressed, conclusively decided, or decided by necessary implication on appeal. *See* Dkt. No. 124 at 19-20. No one suggests that there is any basis to revisit or reconsider the Court's summary judgment ruling, and the Court finds no basis to do so.

**4. Match Group's eleventh affirmative defense (frustration of purpose)**: The Court granted summary judgment for KJ-Park on this affirmative defense, on grounds unrelated to any matter that the Ninth Circuit addressed, conclusively decided, or decided by necessary implication

on appeal. *See* Dkt. No. 124 at 21-22. No one suggests that there is any basis to revisit or reconsider the Court's summary judgment ruling, and the Court finds no basis to do so.

**5. Match Group's fifteenth affirmative defense (setoff)**. This affirmative defense asserts Match Group's "right of setoff" based on "a payment" Match Group, LLC made to KJ-Park "in anticipation of, and contingent on, [KJ-Park] satisfying its duty to timely tender the Premises to Defendant Match Group, LLC for general office use, which never came to fruition." Dkt. No. 76 at 10. Those are matters that the Ninth Circuit has conclusively decided or decided by necessary implication on appeal. Match Group's fifteenth affirmative defense is foreclosed by the Ninth Circuit's mandate.

**6. Match Group's eighteenth affirmative defense (right to raise other affirmative defenses)**: This affirmative defenses merely reserves a "right to raise other affirmative defenses as they become ascertained." Dkt. No. 76 at 11. The time for ascertaining affirmative defenses has long passed. Match Group does not suggest that it intends to pursue this affirmative defense, and the Court finds no basis for Match Group to do so at this stage of the proceedings.

**7. Match Group's first counterclaim (breach of contract)**: As pled, this counterclaim is based on Match Group's contention that KJ-Park was required, under the lease, "to ensure that the Premises could lawfully be used for general office use only" by "(1) tender[ing] the Premises to [Match Group] for office use only and (2) provid[ing] a certificate of occupancy for the Premises as office use only." *See* Dkt. No. 76 at 11-13. This counterclaim concerns KJ-Park's purported obligation to ensure that Match Group could use the entire three-story building as office space, contrary to the City's retail ordinance. The bases of Match Group's first counterclaim are matters that the Ninth Circuit conclusively decided, or decided by necessary implication on appeal.

**8. Match Group's second counterclaim (money had and received)**: Insofar as this counterclaim incorporates the allegations of Match Group's first counterclaim and is based on KJ-Park's alleged failure to "deliver[] the subject Premises in the condition as was required under the Lease" (Dkt. No. 76 at 13-14), the Court finds that this counterclaim is foreclosed by the Ninth Circuit's mandate. To the extent that Match Group contends that this counterclaim is "a

restitutionary claim premised on the voidability of the Lease based on mistake, not on the Ordinance or 'Applicable Law' provision" (Dkt. No. 168 at 6), Match Group may be able to assert this restitutionary remedy if it prevails on its affirmative defense(s) of mistake.

### B. Matters that Remain for Adjudication

On the present record, the Court cannot determine the precise boundaries of the claims and defenses that properly may be adjudicated in these post-remand proceedings. However, the Court finds that the following claims and defenses (or portions thereof) fall within the Ninth Circuit's remand, or otherwise remain at issue, with some limitations:

**1. KJ-Park's claims for breach of contract and breach of guaranty**: The Ninth Circuit reversed the grant of summary judgment for Match Group and remanded these claims. However, the Ninth Circuit's mandate forecloses any issue or argument in further proceedings that the ordinance was "Applicable Law" under the lease; that compliance with the ordinance was KJ-Park's responsibility under the lease; that Match Group was entitled to terminate the lease based on KJ-Park's failure to comply with the ordinance; or any other matters conclusively decided or decided by necessary implication on appeal.

**2. Match Group's second affirmative defense (KJ-Park's breach of contract)**: Any further proceedings regarding this affirmative defense are subject to a showing by Match Group that the issues are not ones that the Ninth Circuit conclusively decided or decided by implication on appeal.

**3. Match Group's third and fourth affirmative defenses based on mistake**: No party demonstrated that it was entitled to summary judgment on Match Group's third affirmative defense (unilateral mistake) or fourth affirmative defense (mutual mistake). No one suggests that there is any basis to revisit or reconsider the Court's summary judgment rulings, and the Court finds no basis to do so. There may be permissible grounds for these defenses based on the *existence* of the ordinance, separate and apart from issues concerning the ordinance's alleged impact on legal obligations under the lease (which are foreclosed by the Ninth Circuit's mandate).

**4. Match Group's ninth and thirteenth affirmative defenses**: As discussed above, KJ-Park appears to agree that Match Group's ninth affirmative defense (failure to mitigate damages)

United States District Court
Northern District of California

is within the scope of the Ninth Circuit's remand. *See* Dkt. No. 169 at 6. Relatedly, the Court finds that Match Group's thirteenth affirmative defense based on "No Injury or Damage" to KJ-Park may also be adjudicated without violating the Ninth Circuit's mandate.

**5. Match Group's remaining affirmative defenses**: The Court denied KJ-Park's motion for summary judgment on Match Group's seventh affirmative defense (illegal purpose) based on grounds unrelated to any matter that the Ninth Circuit addressed, conclusively decided, or decided by necessary implication on appeal. *See* Dkt. No. 124 at 20-21. Match Group's remaining affirmative defenses[2] were not addressed on summary judgment or on appeal. These remaining affirmative defenses therefore appear to be available for adjudication in these post-remand proceedings. However, Match Group does not indicate that it intends to pursue any of these defenses.

**6. The parties' respective *Daubert* Motions**: As noted above, the Ninth Circuit vacated the Court's denial as moot of the parties' respective *Daubert* motions regarding damages experts Craig Owyang and Josh Fronen.

### C. Schedule for Further Proceedings

Except as required by the Ninth Circuit's mandate and as discussed above, the Court finds no basis to revisit or reconsider matters that were decided on summary judgment. Match Group fails to persuade that additional or further discovery, or further dispositive motion proceedings are warranted.[3] The Court also finds no basis for additional or further expert disclosures or discovery.

Subject to the parties' status report (discussed below), the Court sets the following schedule:

---

[2] i.e., Match Group's eighth (waiver and estoppel), tenth (negligence), twelfth (unclean hands), fourteenth (unjust enrichment), sixteenth (laches), and seventeenth (statute of limitations) affirmative defenses.

[3] The Court denied Match Group's motion for summary judgment on its affirmative defenses based on mistake because Match Group failed to present sufficient evidence or argument demonstrating that it was entitled judgment on those defenses. *See* Dkt. No. 124 at 25-26. The time for gathering such evidence has long passed. Match Group has not shown that it properly should be given an opportunity to engage in another round of dispositive motions on those or any other matters.

| | |
|---|---|
| Hearing (in person) on *Daubert* motions re Craig Owyang and Josh Fronen | November 10, 2026, 10:00 a.m. |
| Deadline for private mediation[4] | December 18, 2026 |
| Final Pretrial Conference[5] | January 20, 2027, 9:30 a.m. |
| Bench Trial[6] (5 days) | February 16-19, 22, 2027, 9:00 a.m. |

By **September 11, 2026,** the parties shall file a joint status report. KJ-Park and Match Group shall confirm whether they intend to proceed with their respective experts (and identify which ones), or whether they will dispense with expert testimony. Additionally, Match Group shall confirm which of its affirmative defenses discussed in section B.5. (above), it intends to pursue.

**IT IS SO ORDERED.**

Dated: August 31, 2026

Virginia K. DeMarchi
United States Magistrate Judge

[4] The parties advise that they have agreed to private mediation with Hon. Peter H. Kirwan (Ret.) with Signature Resolution. Dkt. No. 167.

[5] Lead counsel who will try the case must attend the pretrial conference.

[6] The parties have waived a jury trial. *See* Dkt. No. 31 at 10.



United States District Court
Northern District of California